# Richardson v. Peagler.

*Bill in Equity for Settlement of a Trust.*

1. *Final decree; appeal.*—Where, upon the submission of a cause in a court of chancery, upon the pleadings and proof, an order is made by the chancellor reciting that "this cause is heard in vacation upon the submission heretofore made, and on consideration, I am of opinion that the complainant is entitled to relief. It is referred to the register to state an account," &c. is nothing more than an order

[Richardson v. Peagler.]

of reference to the register to state an account, and such order is not a final decree which will support an appeal.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JERE N. WILLIAMS.

This bill in this case was filed by Thomas W. Peagler, as trustee of B. Wimberly, against J. C. Richardson, as the executor of J. T. Perry, deceased, for an accounting and settlement by the respondent of Perry's administration of the trust fund that went into his hands as assignee.

There was a decree rendered from which the present appeal is sought to be prosecuted. This decree is copied in the opinion. The decision renders it unnecessary to set out in detail the points sought to be presented by the appeal.

J. C. RICHARDSON and C. E. HAMILTON, for appellant.

D. M. POWELL and LANE & CRENSHAW, *contra*.

COLEMAN, J.—Upon submission for final decree, upon the pleadings and proof as noted by the register, the following entry was made: "This cause is heard in vacation upon the submission heretofore made, and on consideration I am of opinion that the complainant is entitled to relief. It is referred to the register to state an account," &c. We are informed by this entry, that the chancellor is of opinion that complainant is entitled to relief, but this falls very short of being a decree of the court, granting relief. It would be a perversion of language, and a disregard of the form and necessary constituents of a final decree, to accord to this entry such an effect. It is no more than a reference to the register to state an account, with certain directions, and to report to the court "at the next term." Such an order will not support an appeal as from a final decree, and the cause must be dismissed for want of jurisdiction.— *Thompson v. Maddux*, 105 Ala. 326.

Appeal dismissed.