# Savage *et al.* v. Johnson *et al.*

127 401
130 578

*Bill in Equity for Review.*

1. *Bill of review; when maintained.*—A bill of review can be maintained only after a final decree has been rendered in the cause.

APPEAL from the City Court of Anniston, in Equity. Heard before the Hon. JAMES W. LAPSLEY.

James H. Savage and D. C. Savage filed the bill in this case against Thomas L. Johnson and Pinson Bros. & Co.; and prayed to have reviewed a decree rendered in a chancery suit, wherein Thomas L. Johnson was complainant and James H. Savage and D. C. Savage and Pinson Bros. & Co., and the individual members of said partnership, were parties respondent.

It was averred in the present bill that Thomas L. Johnson, as a creditor of Pinson Bros. & Co. had filed the original bill for the purpose of having James H. Savage and D. C. Savage declared trustees *ex maleficio*, for the benefit of the complainant and other creditors of Pinson Bros. & Co., as to a stock of goods and other property owned by Pinson Bros. & Co., which had been turned over to said James H. Savage and D. C. Savage. The said bill filed by Johnson, and the decree in said cause was attached to the present bill of review as an

exhibit. The decree so rendered in said cause was as follows: "This cause coming on to be heard at the present term was submitted for decree on the pleadings, and proof as noted by the clerk, and on consideration it is ordered, adjudged and decreed that complainant is entitled to the relief prayed for in his bill of complaint. It is further ordered, adjudged and decreed that the defendants, James H. Savage and D. C. Savage, are trustees *ex maleficio* of the stock of goods, chattels and choses in action belonging to the firm of Pinson Brothers & Company, which went into their hands, or either of them, and are held hereby to account to complainant for the value of the same at the time said defendant or either of them went into possession of the same. It is further ordered, adjudged and decreed that the stating of the account be and the same is hereby referred to the clerk of this court." Then follows the terms as to stating the account, etc.

After referring to said decree in the original suit, the present bill of review than contained the following averments: "That orators are advised by counsel, and upon such advice represent and state that there is error apparent in said final decree, rendered in said cause on the 6th day of June, 1895, in this, that the facts stated in the original and amended bill, and summarized in said decree, and upon which said decree is based, granting complainant relief do not constitute orator a trustee *ex maleficio,* or a trustee in any sense for complainant, who it appears was a judgment creditor of said Pinson Bros. & Co., the owners of the stock of goods alleged to have been received by orators. That as orators are advised by counsel, and upon such advice state said complainant, Thomas L. Johnson, had no interest in the stock of goods alleged to have been received by respondents, but only a personal demand against Pinson Bros. & Co., which did not constitute a lien upon the goods, and was not a *jus in re* or a *jus ad rem* so far as said goods were concerned. That orators are not at law or in equity accountable to said complainant for said goods or the proceeds thereof, nor do any facts appear of record which

would authorize said complainant, Thomas L. Johnson, as a judgment creditor, to maintain said bill and obtain relief against orator."

The prayer of the present bill was as follows: "That further proceedings in said original cause for the execution of said final decree be stayed and restrained by the order of this court until this bill of review is heard and determined, and upon final hearing orator prays that said final decree be reviewed and reversed in so far as orator is held a trustee *ex maleficio* or a trustee in any sense for complainant, and held liable to account for the proceeds of said stock of goods aforesaid, and that orator may be relieved and discharged from all liability on account of said decree aforesaid." There was also a prayer for general relief.

The respondents moved to dismiss this bill of review for the want of equity, and also demurred to said bill.

On the submission of the cause, upon the demurrer and the motion to dismiss for the want of equity, the chancellor rendered a decree sustaining said motion, and ordered the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

E. H. HANNA, for appellants.

BLACKWELL & KEITH, *contra*.

SHARPE, J.—The decree sought to be reviewed under this bill was heretofore examined by this court upon an appeal taken by these appellants from the subsequent final decree rendered in the same cause.—*Savage et al. v. Johnson et al.*, 125 Ala. 673.

Upon their application for a rehearing in that appeal it was contended by these appellants that the decree described in this bill was not final in its character, and therefore they had the right to assign it for error and have it reversed upon that appeal which was taken only from the last decree. Such right was urged upon the true ground that there had been no ascertainment either by the pleadings or proof or by the terms of the decree

[Higman v. Humes.]

of any sum owing by Pinson Brothers & Co. to Johnson; that inquiry having been only referred to the register.

Since complainants' liability depended upon the ascertainment of such indebtedness and remained to be thereafter determined, the decree here in question was not final. This position assumed and urged by the appellants in the other appeal must prevail against them here, and it follows that this bill cannot be maintained. A bill of review lies only after a final decree.—Story's Eq. Pl., § 408a.

The decree appealed from will be affirmed at appellants' cost.

Affirmed.