[Tatum v. Yahn *et al.*]

130  575
136  624

# Tatum *v.* Yahn *et al.*

*Bill in Equity for Foreclosure of Mortgage.*

1. *Bill for foreclosure of mortgage; final decree.*—Upon a bill in equity to foreclose a mortgage, where the answer denies the alleged mortgage indebtedness, and the decree simply states that complainant is entitled to relief, but fails to determine the issue of indebtedness *vel non*, referring to the register the duty to ascertain the state of the account between the parties, such decree is not final, but interlocutory only.

2. *Equity practice; note of testimony.*—Under Rule 76 of the Chancery practice (Code, p. 1218), requiring each party to offer his testimony, naming the witnesses or other evidence which shall be noted by the register, testimony not so noted can not be considered for any purpose, since the rule is mandatory and prohibits the consideration of any evidence not so noted by register.

3. *Equity pleading; payment; set-off.*—In order for a respondent to a bill in equity to get the benefit of payment upon the complainant's demand, he must plead the same specially or set it up in his answer, but if he relies upon a set-off a cross bill is the proper method of enforcing it.

APPEAL from the Geneva Chancery Court.

Heard before Hon. JERE N. WILLIAMS.

The bill in this case was filed by J. Yahn and G. L. Simmons, complainants below, who are appellants, against A. F. Tatum, defendant, and its real purpose was to foreclose a mortgage, given by defendant to complainants on the 6th July, 1896, on a steamboat, her appurtenances and belongings. It is alleged in the bill, that "the notes [described in the mortgage] for the security of which the mortgage was given [amounting to $1,500], are all due and unpaid, and that respondent has refused, on demand by petitioners [complainants], to pay the same, or either of them." The notes bore twelve per cent. per annum interest, and were each past due at the date of the filing of the bill. It was provided in the mortgage, that in case of failure to pay any of said notes, with the interest thereon, the mortgage should be sub-

ject to foreclosure, and all the costs and expenses, including such reasonable attorney's fees as might be incurred by complainants in that behalf, should be paid, for which the mortgage was to stand as security.

The prayer for relief,—to state it substantially as prayed,—was for a reference to the register to take and state an account, to ascertain and report what amount of money including legal interest and reasonable attorney's fee was due complainants; that on final hearing, it was decreed that complainants were entitled to relief; that the security [property] embraced in the mortgage, be sold, and the proceeds applied to the costs incurred; to the payment of reasonable attorney's fees; to the payment *pro tanto* of the indebtedness secured by the mortgage, and the balance, if any, to respondent; that respondent be barred from the equity of redemption, and for general relief.

The answer denied that the said notes were due and unpaid, and that defendant refused on complainant's demand, to pay said notes, or either of them. It also set up, that complainants executed to defendant a bill of sale to said steamboat, whereby they covenanted and warranted that the boat was then free from all incumbrances, that they would warrant and defend the title of said boat against the claims of all persons; that after the sale various creditors of said boat presented to him their claims and demands against her, and threatened that unless the payment thereof was made, they would proceed under the admiralty laws of the United States, to enforce their said claims; that to avoid the trouble and expense incident to such proceedings and litigation, and also, by the express consent and by the direction of complainants, he paid the various items of debts owing by said boat, as per statement attached as exhibit number "2," amounting in the aggregate to $901.91. In that statement, appear the names of a large number of persons to whom the amounts set opposite their names are marked as paid. Proofs were taken by the examination of a number of witnesses on each side.

At the spring term, 1898, and on the 25th April, the cause was submitted on the bill and answers, and the

[Tatum v. Yahn *et al.*]

complainants offered the depositions of five witnesses, whose names were noted by the register. By the note of testimony, the defendant offered no evidence. The note recites, as to this: "The defendant submits on . . . . . . . . and offers the depositions of . . . . . . . . . . ."

The chancellor, on the same day of the submission, rendered what purports to be a final decree. It recites: "This cause is submitted for final decree on pleadings and proofs. On consideration it is ordered, adjudged and decreed, that complainants are entitled to relief." A reference was further ordered,—to quote the language of the decree,—"to ascertain what amounts have been paid on the notes secured by the mortgage, and that he [the register] report to the chancellor in vacation. The plea of usury is sustained, and complainants will not be allowed any interest, and will pay the costs of the proceeding. The amounts of exhibit '2' to the answer will be allowed on the reference, as payments on the mortgage indebtedness. The register will not allow interest on the credits in exhibit '2.'"

Evidence was introduced on the reference by each party, and many witnesses examined. The register made and filed his report in the cause on the 26th day of May, 1898, in which he stated, that he had allowed as credits on the mortgage, the several items mentioned in exhibit No. "2," without interest; further that respondent was entitled to the additional credits on the mortgage of $296.40, on the 1st May, 1897, and to $181.08 on January 1st, 1897, and that said mortgage debt had been overpaid by $79.39.

The complainants filed many exceptions to the report of the register.

At the next ensuing term of the court, as appears, the cause was submitted on the report of the register without note of testimony, and the chancellor rendered a decree thereon, in which he modified the finding of the register, to the extent of disallowing the credit of $181.08 as allowed by the register, but allowed the credit of $296.40 as allowed by him, to stand, with interest added, and allowing also, 10 per cent. thereon as attorney's fees, making $381.88 as the amount the chancellor ascer-

tained to be owing by respondent to complainants on the mortgage, and decreed a sale by the register, if the same together with the costs of suit was not paid in twenty days. The defendant appealed, and the complainants took a cross appeal, and the defendant assigns errors on the direct appeal, and the complainants make cross-assignments of error.

P. N. HICKMAN, for appellant.

MULKEY & MULKEY, for appellees.

HARALSON, J.—1. The decree of April 25th, 1898, although purporting to be final, was not, under our decisions, a final but an interlocutory decree. The bill averred that the notes secured by the mortgage had not been paid, but remained due and unpaid. The answer denied this; and whether the notes had been paid or not, presented one of the equities upon which complainant's right to relief depended, and this issue of indebtedness *vel non* of defendant to complainants, was not determined by said decree. A reference to the register was ordered by the decree, to ascertain the state of the accounts between the parties. The statement in the decree that complainants were entitled to relief was provisional, dependent upon the fact, whether on a statement of the account to be taken, it was ascertained that defendant was indebted to complainants on said mortgage notes.—*Kimbrell v. Rogers,* 90 Ala. 340; *Savage v. Johnson,* 127 Ala. 401.

2. Rule 76 of chancery practice prescribes, that on the hearing, after a statement of the case, "the complainant's counsel must then offer his testimony in chief, naming the witnesses and other testimony, of which the register must make a note; and then, that of defendant must be offered, and noted by the register, to which complainant, in like manner, must offer his rebutting testimony. Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record nor be considered by the chancellor." This rule is mandatory and prohibits the con-

sideration of any testimony not offered and noted as prescribed.—*Reese v. Barker*, 85 Ala. 474; *Harn v. Council*, 100 Ala. 200.

On the submission of the cause in the first instance, no testimony was offered by the defendant and none noted as required by this rule, but complainants' alone was offered and noted.

3. The chancellor, in the first interlocutory decree, rendered, on April 25th, 1898, directing the register to allow as payment on complainants' notes and mortgage, the amounts shown by exhibit 2 to defendant's answer, aggregating $901.91. This credit could have been adjudged as proper, alone upon the evidence of the defendant, none of which was offered by him on the submission of the cause, and noted as required by said rule of chancery practice. The evidence offered and noted by the complainants, did not sustain this credit, but tended to show that it was an improper one. It was erroneous, therefore, to direct by said decree, that it should be allowed.

The register, on the execution of the reference ordered by said decree of April 25, 1898, reported to the court, that as directed by said decree, he allowed as a credit on the mortgage sought to be foreclosed by complainants, the several items mentioned in said exhibit No. 2, attached to defendant's answer, and, also, his finding in other respects, reporting as the result of his findings, that complainants' mortgage debt had been over-paid by $79.39. The complainants, Yahn and Simmons, filed many exceptions to this report, and the defendant, Tatum, did not file any. At the ensuing term of the court, the cause was submitted again "for decree upon the reference taken and held before the register  *  *  * upon the executions thereto filed by the complainants." We construe this submission as one for final decree in the cause, as well as upon the report of the register and complainant's exceptions thereto. The court so treated it, and proceeded to render a final decree in the cause, confirming the register's report in its allowance of said credit of $901.91, and one of the other two credits allowed by him, and disallowing the other, and as thus corrected, the report was confirmed. The court for itself

ascertained the amount due by respondent to complainants to be the sum of $381.88, for which it rendered a decree against defendant, and ordered the mortgaged property sold by the register, in the manner directed in the decree, if the defendant failed to pay said sum within twenty days. The error in the first interlocutory decree, in directing said credits, amounting to $901.91, against complainants, was carried, and appears in the final decree, rendering it in this respect also, necessarily erroneous.

4. The claim of $181.08 allowed by the register and by the court in confirmation of his report, as a credit on complainants' mortgage, was not pleaded or claimed in the answer in any form, as a payment on the mortgage debt, and the only ground on which it could be allowed as a credit, was as a payment, properly claimed as such, or as a set-off which could be allowed only on cross-bill. This principle applies as well to the credit of $296.40, allowed by the register and disallowed by the court, and was sufficient, if not for other reasons, for its disallowance.—*Beall v. McGhee*, 57 Ala. 438; *Weaver v. Brown,* 87 Ala. 533; *Marlowe v. Rogers*, 102 Ala. 510.

The decree is reversed on the cross-appeal and the cause remanded. The appellant in the main appeal and the appellee in the cross-appeal, A. F. Tatum, will pay the costs of the appeals. It is further ordered that the appellant in the main appeal take nothing by his appeal.

Reversed and remanded.