C. CALL and M. C. CALL v. LOUISA DANCY et al.

(Filed 7 May, 1907).

1. **Deed—Sale Under Mortgage—Fraud—Undue Influence—Notice to Mortgagor—Estoppel.**—In the absence of a suggestion of fraud, undue influence or other ground recognized in equity as sufficient to avoid the execution of a mortgage, the mortgagor is estopped from asserting her title as against that of a purchaser under a mortgage sale regularly made, and, in the absence of a stipulation therein requiring it, notice of sale is not required to be given her.

2. **Same—Foreclosure—Statute of Limitations—"Color."**—The defendant holding adverse possession without color of title for ten years, or for any period of time less than twenty years, after the foreclosure sale of the land described in her mortgage and the commissioner's deed to the plaintiffs therefor, does not toll the entry or defeat the plaintiffs' right of recovery. Her former title is not such color as may be ripened into a good title by seven years' adverse possession, it having passed to the purchaser at the sale.

CIVIL ACTION, tried before *Bryan, J.,* and a jury at the October Term, 1906, of the Superior Court of WILKES County.

This is a proceeding for partition of land. Louisa, Noah, and Samuel Dancy, as heirs of J. E. Dancy, were tenants in common of the land in question. Samuel Dancy conveyed his interest to J. C. Wyatt, and in October, 1891, Louisa Dancy executed a mortgage to the State on her one-third interest to secure certain costs due by Noah Dancy in a prosecution for larceny. The costs were not paid, the mortgage was foreclosed in 1893 by sale under the power, and her interest in the land was bought by plaintiffs I. S. Call and Clarence Call and a deed executed to them. There is no point made as to the regularity of the sale except that Louisa Dancy alleges that she was not notified of the time of the sale. She relied on this fact in defense and then pleaded

the statute of limitations, alleging that ten years had elapsed from the maturity of the mortgage and that she had been in adverse possession under color, since the sale, for more than seven years before the commencement of this action. No color of title was shown. The defendant Louisa testified that she had been in possession of the land for forty years and for ten years since the mortgage was executed. That plaintiffs have brought no suit to foreclose, nor did they make any demand for possession before this suit was brought. She also testified to the value of her interest.

The Court submitted the following issues:

1. Are the plaintiffs the owners of any interest in the lands described in the petition; and if so, what? Answer: None.

2. What interest, if any, has the defendant Louisa Dancy in the lands described in the petition? Answer: One-third.

3. Has the defendant Louisa Dancy been in possession of the lands described in the petition, holding the same adversely to plaintiffs, for ten years next preceding the beginning of this action? Answer: Yes.

And charged the jury that if the defendant Louisa Dancy had been in peaceable, quiet, and open possession of the lands for ten years next preceding the bringing of this action, holding the same under known metes and bounds and under color of title, and adversely to plaintiffs, and without demand or molestation from them, they would answer the first issue "No," the second "One-third," and the last "Yes." Plaintiffs excepted to this instruction. The jury rendered a verdict for the defendant, and, judgment having been entered thereon, the plaintiffs appealed.

*Charles G. Gilreath* and *O. C. Dancy* for plaintiffs.
*Finley & Hendren* for defendants.

WALKER, J., after stating the case: When the land was sold under the power contained in the mortgage or deed of trust and conveyed to the plaintiffs as purchasers, they thereby acquired the title of Louisa Dancy, the mortgagor, and she is now estopped by her deed of mortgage from asserting that her title did not thus pass to them, there being no equitable element involved in the transaction: that is, no suggestion of fraud, undue influence or other ground recognized in equity as sufficient to avoid the mortgage or the subsequent sale under the power. The plaintiffs are, therefore, tenants in common with the defendants and entitled to the relief they demand, unless in some way they have lost the title since the sale was made. The defendants aver that they have, for the reason that Louisa Dancy, whose undivided interest they acquired, has been in adverse possession of the land for ten years since the maturity of the mortgage and for seven years under color of title since the sale and prior to the commencement of this proceeding. The first part of this defense is palpably based upon an erroneous assumption, both as to the law and the facts. The sale was made in August, 1893, within one year after the right to sell under the power accrued, and by the sale the relation of mortgagor and mortgagee was terminated and the title, which was before held upon condition subsequent or mortgage, was converted into an absolute one, which vested in the plaintiffs, as purchasers, by the execution of the power; so that the ten years' statute, which is pleaded, does not apply. Nor if ten years had elapsed from the date of the accrual of the right to sell to the date of the sale, would the plea be good. *Menzel v. Hinton,* 132 N. C., 660; *Cone v. Hyatt, ibid.,* 810. But it so happens that less than one year had elapsed.

As to the defense that the said Louisa Dancy has held the land adversely for seven years under color of title, this

manifestly does not toll the entry of the plaintiffs or defeat their right to recover. There is no evidence that Louisa Dancy acquired her interest in the lands by deed or other writing sufficient in law to constitute color of title. Her own testimony tends to show that she and the other defendants asserted title to the land as tenants in common, by virtue of the long-continued adverse possession of themselves and those under whom they claim, or by descent from J. E. Dancy, or by descent and *mesne* conveyances. But whether Louisa claimed her one-third interest by adverse possession, without color, held prior to the date of her mortgage, or by adverse possession, with color, or by a paper title or by descent, that title passed out of her by the sale under the power given by her to the Clerk of the Court in the mortgage, the fair and voluntary execution of which she admits, and it is not available to her in any way since the sale, so as to vest a good title in her by any adverse possession short of twenty years duration. Any deed held by her prior to the sale cannot now be used as color. *Johnson v. Farlow,* 35 N. C., 84; *Wilson v. Brown,* 134 N. C., 400. The doctrine is fully explained in the last-cited case by *Justice Connor.* Louisa Dancy could re-invest herself with the title to her former interest only by purchase from the owners or by a new *disseisin* or *ouster,* or its equivalent in law, and an adverse possession of twenty years or possession under color for seven years. She has acquired no colorable title since the sale.

The controversy here as to the title is not between tenants in common, but between two of the tenants in common and Louisa Dancy, who is an outsider, as to her former one-third interest in the land. The other tenants cannot claim to have defeated the title or barred the entry of the plaintiffs, who had become their co-tenants, for they have not held adversely

to them, since their title was vested, for a sufficient length of time to produce that result. We have so recently discussed this question that it will be sufficient merely to cite the case. *Dobbins v. Dobbins,* 141 N. C., 210.

The fact that the defendant Louisa Dancy was not notified of the sale under the mortgage is no defense in this action, as the mortgage does not provide for notice and there is no allegation of unfairness or fraud in making the sale. The sale was duly advertised, and the plaintiffs aver in their petition that the defendant Louisa had due notice of it. No issue was tendered as to the validity of the sale, and that question is therefore not presented. The only question which is really involved in the case relates to the statute of limitations, and the charge of the Court as to that matter was erroneous. We find in the record no evidence of title in Louisa Dancy. It is clear, we think, that Revisal, sec. 391 (4), and *Ray v. Pearce,* 84 N. C., 485, have no bearing on the case.

A new trial is ordered because of the error in the charge. New Trial.