(124 So. 858)

### FREDERICK v. CALDWELL REAL ESTATE & IMPROVEMENT CO. et al. (1 Div. 570.)

Supreme Court of Alabama. Nov. 29, 1929.

D. B. Cobbs, of Mobile, for appellant.

Cabaniss, Johnson, Cocke & Cabaniss, of Birmingham, for appellees.

ANDERSON, C. J. This bill was filed under section 9905 of the Code of 1923 to quiet title to the land and averred, as required by the statute, that the complainant

was in the peaceable possession of the land, actual or constructive, and, in order to obtain relief, it was essential that this averment be proven. The complainant relied upon constructive possession arising from the legal title, but we may well pretermit a determination of the legal title and concede, only for the purpose of deciding this case, that he had the legal title; still we could not reverse the decree of the trial court in denying relief and dismissing the bill. The respondents' evidence showed such acts and conduct on the part of its agent for years previous and up to filing the bill as to establish a disputed or scrambling possession, not by a mere claim of right or title, but possessory acts. Slocum testified in effect that he had, been in possession of the property as agent of respondent from 1910 to the present; that in 1913 respondent conveyed to him the timber on the land; and that he cut timber therefrom, and which formed a part of the beach, and that all of the beach had been known for over 30 years as the Caldwell land, and which was never disputed until the complainant set up a claim to this particular lot. He also testified that he often went over the land and prevented trespassing upon same, and this evidence was contradicted by only one witness in rather a negative way. Whether these acts would, have been sufficient to establish a title in the respondent by adverse possession is not the question. The test is that, if they established a contested or scrambling possession, the complainant cannot maintain his bill, but must resort to an action at law to establish his title, if any he has. Buchmann Co. v. Roberts, 213 Ala. 520, 105 So. 675; Central of Georgia R. Co. v. Rouse, 176 Ala. 138, 57 So. 706; Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Ladd v. Powell, 144 Ala. 408, 39 So. 46; Randle v. Daughdrill, 142 Ala. 490, 39 So. 162.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.