26 So.2d 75

**MOORER v. CHASTANG et al.**

I Div. 243.

Supreme Court of Alabama.

May 9, 1946.

678

Gaillard & Gaillard, of Mobile, for appellees.

W. G. Caffey, of Mobile, for appellant.

STAKELY, Justice.

The bill in this suit was filed by Josephine Chastang and others against Monte L. Moorer in the form of a bill to quiet title to certain real estate situated in Mobile County, Alabama. The real purpose of the bill, as disclosed in its third paragraph, is to redeem from a tax sale under the provisions of § 296, Title 51, Code of 1940.

The allegations of the bill show in substance that complainants are in the peaceable possession of the lands, claiming to own them in their own right and that respondent claims some interest or title "by virtue of a tax sale thereof to the State of Alabama, dated June 20, 1928, under assessment to Securities Company, Inc." and that no suit is pending to enforce or test the validity of the respondent's claim of title. Complainants in the bill offer to do equity as required by § 296, Title 51, Code of 1940, and call upon the respondent to set forth and specify his title, claim, interest or incumbrance and how and by what instrument the same is derived and created.

In his answer, not made a cross-bill, respondent sets up his claim as follows:

"The respondent claims title to said property under a deed from W. M. Wright exe-

cuted on, towit, the 22nd day of July, 1937, recorded in Deed Book 270, N.S., p. 114.

"Respondent admits that he claims some interest or title in and to said lands by virtue of a tax sale thereof to the State of Alabama dated June 20, 1928, under assessment to Securities Company, Inc."

While not set forth in the answer, the evidence shows that the respondent refers to the tax sale at which the state became the purchaser and pursuant to which the state conveyed its interest in the lands to W. M. Wright.

The cause was submitted for decree upon pleadings and proof and on February 26, 1945, the court rendered a decree which will appear in the report of the case. Pursuant to the foregoing decree the Register made his report on July 25, 1945, to which the respondent filed exceptions. On July 30, 1945, the court rendered a decree on the Register's report, which will appear in the report of the case. This appeal was taken on September 26, 1945, from the decree of July 30, 1945.

■ There are a total of twelve assignments of error. Assignments of error nine and ten are based on the decree of July 30, 1945. The remaining assignments of error are based on the decree of February 26, 1945. The serious question is accordingly presented as to whether assignments of error based on the decree of February 26, 1945, can now be considered by us. If the decree of February 26, 1945, is interlocutory, assignments of error based thereon are now available. O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502. If, however, the decree of February 26, 1945, is final, assignments of error based thereon are not available on an appeal taken from the decree of July 30, 1945. Staley v. International Agr. Corp., 239 Ala. 98, 194 So. 168; Williams v. Knight, 233 Ala. 42, 169 So. 871; O'Rear v. O'Rear, supra; Cochran et al. v. Miller et al., 74 Ala. 50; § 788, Tit. 7, Code of 1940. And "The test of the finality of a decree sufficient to support an appeal is that it ascertains and declares the rights of the parties and settles the equities, and is not controlled by the fact that the cause remains in fieri in respect to other matters. * * *" Carter v. Mitchell, 225 Ala. 287, 293, 142 So. 514, 519.

To determine the character of the decree rendered on February 26, 1945, we should examine the nature of the suit and the rights therein sought to be enforced. The bill is a bill to quiet title and contains the allegations requisite in a bill of this kind. § 1109 et seq., Tit. 7, Code of 1940. But the bill cannot be measured by these standards alone, for it alleges that defendant claims title by virtue of a tax sale, and offers to do equity as required by § 296, Tit. 51, Code of 1940.

■ Taking all of its allegations together, under § 296, Tit. 51, Code of 1940, the bill is essentially a proceeding in equity for redemption from a tax sale, with the idea that the holder of the tax title shall be reimbursed for his lawful charges, and the tax title then removed as a cloud on the title of the one or those entitled to redeem.

"This appeal is governed by section 3108, Code of 1923, then in effect (see section 296, Title 51, Code of 1940).

"The purpose of that statute was to save to an owner of land sold for its taxes the right to redeem it without limit of time provided he has such possession of it, as may be sufficient for that purpose. * * *" Tensaw Land & Timber Co. v. Rivers et al., 244 Ala. 657, 659, 15 So.2d 411, 413.

See also Standard Contractors Supply Co. v. Scotch, Ala.Sup., 25 So.2d 257.

■ The proceeding is designed to allow one in possession of lands, who comes within one of the classes set forth in the statute, to clear the title of any adverse claim arising out of a sale of the property for taxes. And he need not wait for the holder of the tax title to sue in ejectment. Tensaw Land & Timber Co. v. Rivers, supra; Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Standard Contractors Supply Co. v. Scotch, supra.

■ We think it is obvious that in order to entitle the complainant to the relief sought in this peculiar statutory proceeding, there are certain primary requisites. First possession of the land by the complainant within the meaning of the statute. Chesnutt v. Morris, 223 Ala. 46, 135 So. 344; Standard Contractors Supply Co. v. Scotch, supra. Second membership by the

complainant in a class of those allowed under the statute to redeem. Third a claim to the land by the respondent under a tax title or proceeding. Fourth no suit pending to enforce or test respondent's claim. If these primary requisites are present, then the case can proceed to a determination of the amount necessary to redeem, the payment thereof to the holder of the tax claim or title and a decree quieting the title of complainant.

■ The decree of February 26, 1945, is not a mere expression of opinion as contended by appellant, for after finding "that complainants are entitled to the relief as prayed for by them," it ordered, adjudged and decreed "that complainants were in possession of the land" and "as owners of the record title are entitled to redeem the same from a tax sale." Much of the evidence in the case on which the parties submitted for this decree was on the issues of possession and ownership.

■ In the case at bar the decree of February 26, 1945, ascertained and determined the primary requisites and was accordingly a final decree, because it settled the equities of the parties and the principles on which relief is granted. The balance of the proceedings, including the reference before the register, was merely to carry into effect the decree of February 26, 1945. Ascertainment of the amount due is not a primary requisite to establish the right to redemption but is only necessary to carry redemption into effect. O'Rear v. O'Rear, supra; McCalley v. Finney, 198 Ala. 462, 73 So. 639; Scholes v. Kibbe, 222 Ala. 587, 133 So. 286; Gainer v. Jones, 176 Ala. 408, 58 So. 288.

The case of Beall v. Lehman, Durr Co., 128 Ala. 165, 29 So. 12, is not an authority against the position here taken. In that case the existence of the debt, which was denied, had to be determined before relief could be granted. Accordingly it was vital in determining the equities of the case. Here the existence of the indebtedness is not an issue.

In the same situation is the decision in Tatum v. Yahn, 130 Ala. 575, 29 So. 201, cited by appellant. The bill was filed to foreclose a mortgage and alleged that the notes secured by the mortgage had not been paid. The answer denied the allegation. Kimbrell v. Rodgers, 90 Ala. 339, 7 So. 241, 242, is similar. "Whether there was anything due on the mortgage was a disputed question in the case."

A similar situation existed in the case of Savage v. Johnson, 127 Ala. 401, 28 So. 553, 554, since no amount had been found to be due and "liability depended upon the ascertainment of such indebtedness."

The case of Richardson v. Peagler, 111 Ala. 478, 20 So. 434, cited by appellant, is a bill for an accounting and settlement of a trust fund. The decree referring the matter to the register for statement of the account is obviously not in point, because the equity of the bill lies in the ascertainment of the amount due in the trust fund.

■ The decree of July 30, 1945, directed the register to ascertain not only the amount required for redemption from the tax sale to W. M. Wright, but also the taxes paid on the land subsequent to the sale by the state land commissioner to W. M. Wright. This does not militate against the view that the decree of July 30, 1945, is final with reference to the primary requisites which we have mentioned, for under our system decrees may be partly interlocutory and partly final. Scholes et al. v. Kibbe, 222 Ala. 587, 133 So. 286; Wood v. City of Birmingham, Ala.Sup., 22 So. 2d 331.

Since under our view, the decree of February 26, 1945, was a final decree, in the respects pointed out, the assignments of error based thereon, are not reviewable on this appeal, except as to ascertainment of the amount necessary for redemption. Authorities supra. This brings us to a consideration of the assignments of error based on the decree of July 30, 1945.

■ The decree of February 26, 1945, adjudged that the respondent had a lien for $212 and for such taxes as defendant may have paid on the lands for years subsequent to such purchase, with interest at six per cent. The register's report shows that by agreement between the parties the amount due under the tax sale from the State of Alabama against Securities Co. Inc., was $377.80. The register ruled that he had no

authority under the decree of reference to consider any sale other than ordered in the decree of reference, viz, the sale against Securities Co. Inc., under date of June 20, 1928. The register therefore refused to report the sum of $507.23, in order to redeem from a tax sale made in 1917. The register acted correctly. Henderson v. Huey, 45 Ala. 275, 281.

The court in the decree of July 30, 1945, properly overruled exceptions to the report of the register in this regard. The amount of $377.80 paid under agreement of the parties, as aforesaid, must be regarded as the proper amount for redemption. Upon payment of this amount, the court correctly adjudged in the decree that the defendant "has no right, title or interest in or incumbrance upon the lands described in the bill of complaint."

We find no error in those matters which are before us and accordingly the decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.