72 So.2d 91

**HART et al. v. ALLGOOD et al.**

**5 Div. 580.**

Supreme Court of Alabama.

April 15, 1954.

Wm. L. Dickinson, Opelika, for appellants.

Sam W. Oliver, Dadeville, for appellees.

LAWSON, Justice.

J. R. Allgood and wife conveyed the suit property by warranty deed to Homer Hart on April 25, 1930. On the same day Homer Hart and wife, Mary Hart, executed a purchase money mortgage on the suit property to J. R. Allgood. J. R. Allgood died intestate on January 3, 1934, survived by one son, Ralph, and a daughter, Vivien, the wife of Jos. T. Banks. Ralph Allgood was made administrator of his father's estate shortly after the latter's death.

On March 20, 1940, the purchase money mortgage executed by Homer Hart and wife was foreclosed. Ralph Allgood, as administrator of the estate of J. R. Allgood, deceased, became the purchaser of the suit property at the foreclosure sale and received a deed thereto from the auctioneer.

Ralph Allgood in December of 1951 conveyed his interest in the suit property to his sister, Vivien A. Banks, and her husband, Jos. T. Banks, who in turn executed a warranty deed on April 16, 1952, conveying the suit property to Robert S. Payne.

On May 17, 1952, the appellants, averring that they are the heirs at law of Homer Hart, filed their bill in the circuit court of Tallapoosa County, in equity, to quiet the title to the suit property. The bill was filed against the suit property as a proceeding in rem and against Ralph Allgood, "administrator of and heir to the estate of J. R. Allgood, deceased," Dr. Jos. T. Banks and wife, Vivien A. Banks, and Robert S. Payne. The bill was filed under the provisions of §§ 1116–1132, Art. 2, Ch. 32, Title

7, Code 1940, as amended by an act approved September 12, 1951, Acts 1951, Vol. 2, p. 1521. Such provisions have been referred to as " 'Proceedings in Rem to Establish Title to Land' ".—Ex parte Arrington, 259 Ala. 243, 66 So.2d 96, 97; Sisson v. Swift, 243 Ala. 289, 9 So.2d 891; Miller v. Gaston, 212 Ala. 519, 103 So. 541. See Merchants Nat. Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240.

The cause was submitted for final decree on the pleadings and on testimony taken orally before the trial court. Upon a consideration of only the competent, legal, material and relevant evidence the trial court concluded that the complainants were not entitled to the relief prayed for and dismissed their bill. From such decree the complainants below have appealed to this court.

Under the provisions of § 1116, Title 7, Code 1940, as amended, one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court in equity of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:

1. When the complainant is in the actual, peaceable possession of the lands.

2. When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding, and has paid taxes on the lands or interest during the whole of such period.

3. When complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.

Although a bill filed under this section may contain averments good as against demurrer, the court must deny relief and dismiss the bill unless one of the situations enumerated above is proven.

We come now to consider the evidence as it bears on each of the situations enumerated above.

Homer Hart, his wife, Mary, and some of their children continued to live on the suit property after the foreclosure sale in March, 1940, until Homer's death in June, 1951. After Homer's death, Mary Hart or one or more of the children lived on the suit property and were living there at the time this suit was filed. They occupied the house which had been constructed prior to foreclosure and to which Homer had added a room after foreclosure. Only a few of the 120 acres of land were in cultivation, most of it being timberland.

But actual possession alone is not sufficient to enable complainants to maintain their bill on the theory presently under consideration. The possession of the complainants must have been peaceable as contradistinguished from a contested, disputed or scrambling possession. Sisson v. Swift, supra. And it was incumbent, of course, upon complainants to show their peaceable possession at the time of filing their bill. See Hagler v. Boner, 221 Ala. 307, 128 So. 592.

The evidence does not show that complainants were in the peaceable possession of the suit property when the bill was filed. It is without dispute that when Robert S. Payne secured his deed to the suit property, he immediately began the cutting of the timber thereon which was located practically all over the 120-acre tract. The cutting of the timber was going on at the time this suit was filed without any protest being made to Payne or those cutting the timber under his authority by any of the complainants, although some of them did discuss the matter with counsel, who contacted Payne by letter.

■ Complainants were not entitled to maintain their suit on the second alternative set out above. Aside from other reasons, the proof shows that complainants had no color of title. As shown above, complainants claim through Homer Hart, who did have color of title at one time, a deed to the suit property from J. R. Allgood. But Homer Hart mortgaged the suit property, the mortgage was foreclosed and the property sold. The sale of the suit property under the power of sale given in the mortgage divested Homer Hart of his color of title. Call v. Dancy, 144 N.C. 494, 57 S.E. 220; 2 C.J.S., Adverse Possession, § 69, p. 585. See Lowrey v. Mines, 253 Ala. 556, 45 So.2d 703. There was some effort on the part of the complainants to show the invalidity of the foreclosure sale and the deed executed thereunder by attempting to prove that the mortgage debt had been paid prior to foreclosure. But as we understand the record, there was no legal evidence going to show that the mortgage debt had been paid prior to foreclosure, while the respondent presented evidence which fully supports a contrary conclusion.

Complainants were not entitled to maintain their suit on the basis of the third alternative listed above.

Although the proof shows that the complainants and those through whom they claim paid taxes on the suit property for a period of ten or more consecutive years next preceding the filing of the bill, the evidence also shows without dispute that other persons, some of the respondents, have also paid taxes on the suit property during all of that period of time.

From the conclusions reached above, it follows that the trial court was without jurisdiction over the cause and acted correctly in denying relief as prayed by complainants and in dismissing their bill. Price v. Robinson, 242 Ala. 626, 7 So.2d 568; Frederick v. Caldwell Real Estate & Improvement Co., 220 Ala. 213, 124 So. 858.

■ The conclusion which we have reached renders unnecessary a determination of any issue as to the contest of title. Such issues are properly pretermitted.

Price v. Robinson, supra; Ladd v. Powell, 144 Ala. 408, 39 So. 46.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.