This is an appeal from a final judgment rendered in favor of First National Bank of Mobile which held (1) that the tax sale, which was the subject of plaintiff's complaint, dated 12 June 1950, was defective and void, and that the tax deed, dated 21 January 1954, from W.R. Stuart as Probate Judge to Mary Thompson White Richerson was cancelled and that the defendant, Stallworth, had no right, title or interest in the property in question; (2) that the First National Bank of Mobile was entitled to judicial redemption pursuant to § 40-10-83, Code 1975; (3) that Stallworth be disallowed recovery of any taxes paid on the property because of the inconvenience caused the plaintiff; and (4) that Stallworth be required to remove the house constructed on the property, including plumbing and pilings. The trial court further denied relief to Stallworth on his counterclaim. We affirm.
Plaintiff, First National Bank of Mobile, as Trustee under the will of Eugene A. Koehle, deceased, brought this action against Mary Thompson White Richerson and Burton Stallworth, jointly and severally, and against the properties involved in this case. The complaint set forth three causes of action. The first cause sought redemption from a tax sale pursuant to §40-10-83, Code 1975; the second alleged the tax sale was void and sought a determination to that effect together with any other equitable relief, and the third alleged unlawful withholding of the real property by Stallworth and sought ejectment of him from the property. Stallworth answered by denying all material allegations and affirmatively raising the defenses of laches and the statute of limitations. Stallworth filed a counterclaim alleging that the plaintiff knew of Stallworth's claim and that he had placed improvements on the property increasing its value and prayed that the trial court determine the value of said improvements and fix a lien upon the property and that it be sold for satisfaction thereof.
No answer was filed by defendant Mary Thompson White Richerson and default was entered against her on 26 February 1982.
Plaintiff amended its complaint and added a fourth cause of action which contained a prayer for redemption and the elements of a bill to quiet title in personam. Plaintiff further denied all material allegations in defendant Stallworth's counterclaim.
Stallworth filed his amended answer denying all material allegations and reasserting his original defenses, except that the additional defense of estoppel was added as to each of plaintiff's claims.
The case was heard ore tenus on 4 March 1982 and final judgment entered in behalf of First National Bank of Mobile on 14 April 1982. Stallworth perfected his notice of appeal to this court on 20 May 1982. *Page 1224 
On appeal, Stallworth contends the trial court erred in determining that plaintiff was entitled to have judicial redemption pursuant to § 40-10-83, Code 1975. In support thereof, he asserts that neither First National Bank of Mobile nor its predecessor in title, Eugene Koehle, sufficiently possessed, constructively or otherwise, the property in question in order to assert redemptive rights under the statute.
In order for plaintiff to obtain relief under this redemption statute, there are certain primary requisites: first, possession of the land by the plaintiff within the meaning of the statute; second, membership by the plaintiff in a class of those allowed under the statute to redeem; third, a claim to the land by the defendant under a tax title or proceeding; fourth, no action pending to enforce or test defendant's claim.Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75 (1946). The purpose of § 40-10-83 is to preserve the right of redemption without limit of time, if the owner of the land seeking to redeem has retained possession. O'Connor v. Rabren,373 So.2d 302 (Ala. 1979); Moorer, supra. The character of possession need not be actual and peaceable, but may be constructive and scrambling and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser. Hand v. Stanard, 392 So.2d 1157 (Ala. 1980).
There is ample evidence in the record to establish that the plaintiff and Koehle had either actual, scrambling or constructive possession of the subject property. Both committed continuous and regular acts of possession consistent with the nature and use of beach front property. From the time he bought the property from Gregory L. Smith and his wife in the latter part of 1948, Koehle and his family picnicked and camped on the lot, especially in the summer months, built a shelter thereon for protection from the elements, regularly cleaned the property and sold sand from it. After Koehle's death, a fence was constructed around the property and a no trespassing sign was erected, although they were later blown down by Hurricane Frederic in 1979. It is undisputed in the record that beginning in 1950, Koehle assessed the property until his death in 1974, and thereafter, plaintiff, First National Bank of Mobile, assessed the property and payed the necessary taxes.
Section 40-10-82, Code 1975, does establish a "short statute of limitations" for tax deed cases. However, in order for the short statute period of § 40-10-82 to bar redemption under §40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed. Hand v. Stanard at page 1160. The record here conclusively establishes that Stallworth did not prove three years of continuous adverse possession.
We pretermit discussion of Stallworth's remaining issues on appeal because each lacks merit and is unsupported by the evidence of record. Here, the trial court made no specific findings of fact with regard to its judgment. However, our review, on appeal, is governed by the principle that, in the absence of specific findings of fact by the trial court, this court will assume the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. O'Connor v. Rabren, 373 So.2d 302 (Ala. 1979). Additionally, we note that when a trial judge hears the evidence ore tenus, his findings are favored with a presumption of correctness and will not be disturbed on appeal unless clearly erroneous or unsupported by credible evidence under any reasonable aspect of that evidence. Hopper v. Curry,408 So.2d 83 (Ala. 1981); Hand v. Stanard, supra. The trial court's judgment is clearly not erroneous. The record supports its judgment.
The judgment is therefore due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 1225