This case is an in rem quiet title action brought by plaintiff Gulf Land Company, Inc. ("Gulf"), under the Grove Act, Code 1975, §§ 6-6-560 to -573. The real property which is the subject of this case is a wild and undeveloped lot located south of the Dixie Graves Parkway on the Fort Morgan Peninsula in Baldwin County. The case was tried without a jury, and the facts are not in dispute.
Margaret Buzzelli bought this lot in 1976. She has visited the lot only three times, all before 1979. In 1979, Baldwin County began a new system of assessing property taxes, and for reasons unknown, Buzzelli was never notified of any taxes due in 1979. Without any notice being sent to Buzzelli, the property was sold to the State of Alabama in 1980 for the 1979 taxes. Jim Johnson III, one of the owners of Gulf, bought the lot from the State on September 5, 1984. Johnson then conveyed title to Gulf on September 17, 1984. Gulf has paid all taxes since that time. Gulf filed its quiet title action on October 29, 1984; Buzzelli filed her answer on November 30, 1984, and filed a counterclaim asserting her right to redeem the lot on April 18, 1985. Beginning in November 1984 and continuing up until the present time, Gulf has placed "For Sale" and "No Trespassing" signs on the lot and a "snow" fence on the dunes on this property. Gulf has also had the front corners of the lot determined by a surveyor. The trial court found that plaintiff Gulf is not entitled to relief and that defendant Buzzelli is entitled to redeem this property from the plaintiff.
Plaintiff Gulf contends that the trial court erred in failing to quiet title to the lot in Gulf. Gulf alleges that it made out a prima facie case under the Grove Act and that Buzzelli's time in which to redeem the property had expired.
In Fitts v. Alexander, 277 Ala. 372, 375,170 So.2d 808, 810 (1965), this Court set forth what is required under Code 1975, § 6-6-560 (then Code 1940, title 7, § 1116):
 "Under the provisions of § 1116, Title 7, Code 1940, as amended, one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, *Page 1213 
and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:
 "1. When the complainant is in the actual, peaceable possession of the lands.
 "2. When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
 "3. When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
 "4. When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period."
The trial court must deny relief unless one of the above situations is proven. See Hart v. Allgood, 260 Ala. 560, 72 So.2d 91 (1954).
Gulf and those through whom it claims had not held title or paid taxes on this property for the ten years preceding the filing of the complaint; therefore, Gulf does not come within situations 2 through 4 above. Since plaintiff Gulf does not come within those three situations, the burden was on Gulf to prove that it was in actual, peaceable possession of the landwhen it filed its complaint. See Hart, supra.
Although Gulf had color of title to the lot through its tax deed, it was not in the actual, peaceable possession of the lot when it filed its complaint. Gulf claims that it need only exercise such acts of possession which are consistent with the wild and undeveloped character of the land. This is true; however, Gulf did not begin its acts of possession untilafter it had filed its complaint. Gulf has not met the requirements of § 6-6-560 and is not entitled to relief thereunder.
Even if Gulf had made out a prima facie case under §6-6-560, defendant Buzzelli would still be entitled to redeem the property under Code 1975, § 40-10-83. We have stated many times that the purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser. Stallworthv. First Nat. Bank of Mobile, 432 So.2d 1222 (Ala. 1983);Hand v. Stanard, 392 So.2d 1157 (Ala. 1980);O'Connor v. Rabren, 373 So.2d 302 (Ala. 1979).
Code 1975, § 40-10-82, does establish a "short statute of limitations" for tax deed cases. This section states that the redemption action must be filed within three years from the date when the purchaser became entitled to demand a deed for the property. We have held that this statute does not begin to run until the purchaser is in adverse possession of the land and has become entitled to demand a deed to the land.Williams v. Mobile Oil Exploration, 457 So.2d 962
(Ala. 1984). In order for the short period of § 40-10-82 to bar redemption under § 40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed. Stallworth, 432 So.2d at 1224. This statute applies to cases where the land is purchased from the State, as well as to instances where the purchase is made from the tax collector. Merchants NationalBank of Mobile v. Lott, 255 Ala. 133, 50 So.2d 406 (1951).
Gulf began its acts of possession in November 1984. Buzzelli sought to redeem in *Page 1214 
April 1985. Even if Gulf's acts amount to adverse possession, the three years of continuous adverse possession that §40-10-82 requires had not run. Buzzelli is entitled to redeem this property.
For the above reasons, the judgment of the trial court is affirmed.[1]
AFFIRMED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] As the parties have stipulated, this appeal does not affect the mineral interests in this property.