ROBERTSON, Presiding Judge.
Floyd D. Murry is the record title holder of the property located at 821 Brewster Street, Pike Road, Alabama, in Montgomery County, which he and his wife purchased in 1986. Murry subsequently became the sole owner of the property through a divorce agreement. He has continued to live on the property since 1986 except for a short separation from his wife in 1990.
On May 24, 1988, the property was purchased by the State of Alabama for unpaid taxes. On November 15, 1991, the State of Alabama conveyed its interest to Joe G. Bendor for $1,377.51. In December 1991, Bendor demanded that Murry pay him rent, and later Bendor sent Murry notices to vacate the property. Murry immediately brought this action to redeem his property. Bendor filed an answer in which he asserted that Murry had no statutory right to redemption because that right was terminated on the date that Bendor received a tax deed for the property from the State of *1101 Alabama. Murry filed a motion for summary judgment in which he stated that, because Bendor had not exercised adverse possession over the property after receipt of the tax deed, Murry’s time period for redeeming the property had not expired and that the complaint for redemption was timely filed.
On July 30, 1992, the trial court granted Murry’s motion for summary judgment. In a well-reasoned judgment, the trial court determined that Murry was entitled to redeem his property by the payment to Ben-dor of the full amount Bendor had paid the State, plus statutory interest, for a total of $1,460.18.
Bendor appeals.
We find that the trial court’s judgment is due to be affirmed on the authority of § 40-10-82 and § 40-10-83, Code 1975; Karagan v. Bryant, 516 So.2d 599 (Ala. 1987); Gulf Land Co. v. Buzzelli, 501 So.2d 1211 (Ala.1987); and Stallworth v. First National Bank of Mobile, 432 So.2d 1222 (Ala.1983).
AFFIRMED.
RUSSELL, J., concurs.
THIGPEN, J., concurs in result.