PITTMAN, Judge.
Dorothy Collins McLeod and Carolyn Charley (“the plaintiffs”) appeal from a judgment of the Baldwin Circuit Court, the effect of which was to vest the ownership of a parcel of real property located in Baldwin County in David White, the defendant and the purchaser of the subject property at a tax sale, by denying the plaintiffs’ complaint to redeem the property. We reverse and remand.
The record shows that the plaintiffs are two of three sisters who inherited the subject property from their mother. The third sister, Lillian White, is also the wife of David White. The sisters have other siblings who did not share in the inheritance of the subject property. The mother died in 1990, and the sisters were deeded the property in 1995. White testified that he and his wife had paid the ad valorem taxes on the property for 16 years preceding the trial, while McLeod testified that a brother of the sisters had paid the taxes in a few of those years. The plaintiffs both lived in Ohio at all times material to this case, and tax notices were always sent only to the Whites by the tax assessor.
In 2002, White failed to pay the ad valorem tax on the property, and he testified that the oversight was due to illness. In the spring of 2003, he became aware that the property was to be sold at auction by the tax assessor. He bid on the property successfully, in his own name only, and he received a certificate of sale from the probate court. In 2006, the plaintiffs attempted to sell the property and learned of the 2003 tax sale only when they traveled to Alabama to attend the sale closing. The plaintiffs sued in small-claims court in the summer of 2006, challenging the validity of the tax sale, and that case was dismissed. Also in the summer of 2006, White received a tax deed to the property from the Baldwin Probate Court.
In May 2007, the plaintiffs filed the complaint that initiated this case in the circuit court, asserting, among other things, a right to redeem under Ala.Code 1975, §§ 40-10-83, 40-10-120, and 40-10-122; they requested in their complaint, among other things, that the court calculate the amount owed by the plaintiffs to White to redeem the property under the pertinent statutes. After several continuances, a trial was held in October 2008, at which McLeod and White testified.
Both witnesses testified that the property was heavily wooded and overgrown with brush and that it had been entirely unused from at least 1990 until the time of trial. White testified that he had done nothing to improve the property since he had purchased it but that, after this case was instituted, he “went by it” a few times and had placed “a sign” on the property that someone else removed; he testified that he had never even attempted to walk on the property because of the dense plant growth.
After the trial, the circuit court entered its judgment in October 2008. That judgment read, in its entirety, “Trial held 10- *362 20-08. Judgment entered in favor of the Defendant ].” The plaintiffs timely appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
The plaintiffs[1] assert on appeal that the trial court erred in denying their right to redeem the property under § 40-10-83, Ala.Code 1975. We agree.
Section 40-10-83, Ala.Code 1975, provides, in pertinent part:
“When the action is against the person for whom the taxes were assessed or the owner of the land at the time of the sale, his or her heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain (i) the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with 12 percent per annum thereon ... and (iv) a reasonable attorney’s fee for the plaintiffs attorney for bringing the action .... Upon such determination the court shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed.”
Alabama courts have long held that § 40-10-83, though framed in terms of an original owner’s raising the issue of redemption as a defense to a tax purchaser’s request to quiet title, permits an original owner to bring his or her own action to redeem property from a tax purchaser, as the plaintiffs have done in this case. Karagan v. Bryant, 516 So.2d 599, 600 (Ala.1987).
We note that the language of § 40-10-83 is mandatory. Section 40-10-82 sets forth a limitations period as to an original owner’s right to redeem real property under § 40-10-83. Section 40-10-82 provides, in pertinent part:
“No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor.... There shall be no time limit for recovery of real estate by an owner of land who has retained possession. If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling and, where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession.”
Alabama courts have interpreted these two sections consistently:
“We have stated many times that the purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the *363 adverse possession of the tax purchaser. Stallworth v. First Nat. Bank of Mobile, 432 So.2d 1222 (Ala.1983); Hand v. Stanard, 392 So.2d 1157 (Ala.1980); O’Connor v. Rabren, 373 So.2d 302 (Ala.1979)....
“Code 1975, § 40-10-82, does establish a ‘short statute of limitations’ for tax deed cases. This section states that the redemption action must be filed within three years from the date when the purchaser became entitled to demand a deed for the property. We have held that this statute does not begin to run until the purchaser is in adverse possession of the land and has become entitled to demand a deed to the land. Williams v. Mobile Oil Exploration, 457 So.2d 962 (Ala.1984). In order for the short period of § 40-10-82 to bar redemption under § 40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed. Stallworth, 432 So.2d at 1224.”
Gulf Land Co. v. Buzzelli, 501 So.2d 1211, 1213 (Ala.1987). In this case, White testified that he had taken no steps to establish adverse possession until after the complaint in this case was filed; he apparently did not even drive past the property until after May 2007. Nonetheless, on appeal, White asserts that he established occupation of the property through his testimony, but he still expressly concedes the issue, noting summarily that “the lawsuit was filed within the 3-year statute of limitations” of § 40-10-82, rendering the question of adverse possession “moot.”[2]
When the dispositive facts in a case are undisputed, as they are in this case, appellate review of a circuit court’s application of the law to those facts is de novo. See, e.g., Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999). Because the limitations period set forth in § 40-10-82 had not run, that section and § 40-10-83 provide that the plaintiffs, when they initiated this case, retained their right to redeem the property. Rather than dispute the plaintiffs’ substantive right, White asserts on appeal that the circuit court’s judgment is due to be affirmed because the plaintiffs failed to observe the procedural requirements of § 40-10-83. That statute provides, as quoted above, that “the court shall, on motion of the [original owner] made at any time before the trial of the action, ascertain” the amount owed to the tax purchaser to redeem the property (emphasis added). White then notes, correctly, that the plaintiffs never made a “motion” in the circuit court to that effect. He then argues that the plaintiffs therefore “failed to show any affirmative steps to comply with the requirements of the statute.” We disagree. In two portions of the original complaint, the plaintiffs requested that the circuit court “determine the amount owed to redeem” the property.
Under Rule 7(b)(1), Ala. R. Civ. P„ a motion is a written “application to the court for an order,” stating with particularity the grounds for the motion and the relief or order the movant is seeking. Alabama courts have held that a motion is distinct from a pleading in procedural contexts in which a party had filed a motion after having failed to file a pleading, only to argue later that the motion was sufficient to accomplish some particular objective normally accomplished by pleadings, such as the establishment of a court’s jurisdiction, Ex parte Flodin, 822 So.2d 372, 378 (Ala.2001), or characterizing the original nature of an action, Kaller ex rel. *364 Conway v. Rigdon, 480 So.2d 536, 538 (Ala.1985) — in other words, in cases in which prejudice to an opposing party might result if the case were allowed to proceed notwithstanding the failure to file the required pleading.
At the same time, motions and pleadings are considered according to their substance and not their labels, and when the procedural context allows it — that is, when no substantial prejudice will result— a court may treat a motion as a pleading. See, e.g., Tuscaloosa City Bd. of Educ. v. American/Owens, Inc., 486 So.2d 405, 406-07 (Ala.1986) (holding that a motion for a judgment on the pleadings could be treated as an answer when the material facts were not in dispute). Such treatment is consistent with an overarching objective of Alabama’s Rules of Civil Procedure to provide for substantial justice rather than to create technicalities as an end in themselves. See, e.g., Committee Comments on 1973 Adoption, Rule 1(c), Ala. R. Civ. P. (technicality and form should not outweigh trial of litigants’ civil rights on the merits); Rule 8(f) (“[a]ll pleadings shall be so construed as to do substantial justice”); and Rule 61 (“[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties”).
Hence, Alabama courts have overlooked claimed or actual procedural oversights in a variety of substantive contexts when doing so would promote substantial justice without prejudice to opposing parties. See, e.g., Ex parte Tuck, 622 So.2d 929, 930 (Ala.1993) (treating an appeal as timely filed when sent by facsimile, citing Rule 1(c); but see Important Notice from the Clerk of the Supreme Court of Alabama, Annotation to Rule 5(e), Ala. R. Civ. P.); Shop-A-Snak Food Mart, Inc. v. Penhale, 693 So.2d 479, 481 (Ala.Civ.App.1997) (overlooking failure of employee to allege in her complaint the precise injury she later proved in her workers’ compensation case, when the injury alleged in the complaint differed from the actual injury only in diagnosis and the employer had investigated and had been put on notice of the actual injury before trial; mentioning the beneficent purpose of the Alabama Workers’ Compensation Act and citing Rule 8(a)); and Minton v. Personnel Bd. of Jefferson County, 406 So.2d 435, 437 (Ala.Civ.App.1981) (holding that no prejudice resulted when a party failed to receive notice of a personnel action, because that party appealed in a timely fashion even without receiving the notice and his substantial rights were not affected; citing Rule 61).
Section 40-10-83, Ala.Code 1975, requires the circuit court to calculate the amount owed to the tax purchaser upon “motion” by the “defendant” (the original owner) made “any time before the trial.” From the language of the statute, it is not necessarily clear precisely how an original owner who is a plaintiff is required to bring the issue of calculation of amount owed to the attention of the court, but it is clear that requesting such calculation in the initial complaint places that substantive right in issue “before the trial.” Further, White does not contend that he was prejudiced in any way by the plaintiffs’ including the request in the complaint, and we cannot presume any such prejudice on appeal. See, e.g., Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991). We conclude that the plaintiffs satisfied the requirements of § 40-10-83 by stating their request for a calculation of the amount owed under that statute in their complaint rather than in a separate motion.
We conclude that the undisputed facts of this case put it squarely within the con *365 templation of § 40-10-83; that the plaintiffs were therefore entitled to redeem their property from the tax purchaser, White; and that the circuit court erred by denying the plaintiffs that right. We also hold that the plaintiffs satisfied the statutory requirements for maintaining this action. We therefore reverse the judgment of the circuit court and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. The plaintiffs originally included only the two sisters named above — McLeod and Charley. David White later moved the court to add Lillian White, his wife and the third sister, as a plaintiff. The motion was granted, but the case has remained styled in the names of the two sisters. Only McLeod and Charley have appealed from the trial court's judgment.

. Alabama Code 1975, § 40-10-29, not cited by the parties, provides that a tax purchaser becomes entitled to a tax deed three years after the tax sale.