309 So.2d 102

### ALABAMA SOCIETY FOR CRIPPLED CHILDREN AND ADULTS, INC., a corporation

v.

### STILL CONSTRUCTION CO., INC., a corp.

### Civ. 375.

Court of Civil Appeals of Alabama.

Feb. 26, 1975.

Herman H. Hamilton, Jr., Montgomery, for appellee.

Matthis W. Piel, Montgomery, for appellant.

HOLMES, Judge.

Appellant-defendant appeals from a judgment against him and in favor of appellee-plaintiff in the amount of $5,993 on a suit brought by appellee on a mechanic's lien.

The evidence was heard *ore tenus* and the tendencies of it reveal the following:

In early September 1972, appellant entered into a construction contract with appellee. Plans and specifications for the construction work, as drawn by the architect·and forming part of the contract, provided for certain window bays. The architect's plans show six windows in a bay, one of which contains a jagged symbol which apparently represents an operable window. Written into the "specs" was also the requirement for "projecting" windows.

In accordance with its interpretation of these plans, as shown by a shop drawing submitted to and approved by the architect for appellant, appellee installed five stationary and one operable window in each bay in question. This was done in early February of 1973. Appellee was thereafter paid for the work in routine progress payments.

Appellant, later, however, claimed that all six of the windows in the bay should be operable. The architect then rejected the windows already installed and directed replacement thereof.

Appellee replaced the windows and then made request for payment for the extra work done. Appellant refused to pay this amount and also refused to pay an additional $1,000 held in retainment. Appellee then filed for its mechanic's lien and brought suit thereon.

Before the actual trial, counsel for appellee served on counsel for appellant a Request for Admission pursuant to Rule 36 of the Alabama Rules of Civil Procedure. Appellant did not respond to this request; hence, all matters contained within the written request are admitted for purposes of the trial. Rule 36, Alabama Rules of Civil Procedure.

Appellant, on the day of the trial, filed a counterclaim based on the work being uncompleted and done unsatisfactorily. The court denied the relief sought by defendant on the counterclaim.

As we perceive it, the thrust of appellant's contention on this appeal is that the judgment entered is against the weight of the evidence.

■ This court has long followed the rule that when a chancellor hears evidence *ore tenus*, his findings of fact have the weight of a jury verdict and will not be disturbed on appeal unless plainly erroneous or manifestly unjust and there is no credible evidence to support his findings. Morris v. Morris, 290 Ala. 41, 273 So.2d 203.

■ We find much credible evidence to support the judgment as entered and, accordingly, affirm.

The paramount issue raised at trial and on appeal appears to be who must bear the cost for replacement of the windows.

The architect testified that he intended for all six windows in a bay to be operable. However, the testimony of the witnesses for appellee—and these witnesses included an employee of a supplier of windows, a practicing professional architect, an estimator for a contractor, and the president of appellee corporation—was that they all interpreted the design used by the architect (the aforementioned jagged symbol in only one of the windows) to indicate to them that only the one window so designated should be operable.

These witnesses also testified that "projected" window as used in the "specs" is a type window which includes not only operable windows but also certain stationary windows. The architect had contended that the use of "projected" was enough to indicate he meant all to be operable.

Despite the architect's testimony that he intended all the windows to be operable, he, himself, approved a shop drawing submitted by appellee which clearly indicates appellee interpreted only the one window to be operable. This approval was given in October 1972, which was some four months before the windows in controversy were installed. The architect testified as to the importance of these drawings when he testified these shop drawings were a service to the contractor and is "necessary to allow different manufacturers to show their product and how it joins and relates to other products." Thus, appellee installed the windows as indicated in its show drawing submitted to and *approved* by appellant's architect.

There is also some controversy concerning the words, "match existing typical", found on the plans. Despite an attempted interpretation of these words by appellant to indicate that all six windows were to be operable, witnesses for appellee testified that these words had reference to the mullion rather than the type of windows.

Further credible evidence on the windows is found in the Request for Admissions filed by appellee and not answered by appellant. For purposes of the trial the following facts were deemed conclusively established:

(1) Defendant (appellee), through its architect, approved the shop drawings of the windows made by plaintiff (appellee) on October 27, 1972;

(2) The windows finally installed were not in conformity with the original plans;

(3) The windows required to be installed by plaintiff were not in accordance

with the shop drawings approved by the defendant on October 27, 1972.

There is also credible evidence to support the judge's denial of appellant's counterclaim and to award the $1,000 retainment to appellee.

Foremost is the failure to respond to appellee's Request for Admission, by virtue of which it stood admitted that the work was "satisfactorily completed."

There is also testimony of the superintendent on the job for appellee which tends to indicate that the architect for appellant suggested corrective measures, and then reinspected and approved the work.

Appellee has filed a motion to Strike Brief and Dismiss Appeal in that appellant's brief is not in compliance with the Supreme Court Rules. We find substantial compliance.

The judgment is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.