This appeal is from a judgment by the Circuit Court of Madison County awarding appellee (plaintiff below) damages in the amount of $1,619.17. The judgment was the result of appellee's suit against appellant (defendant below) for breach of contract and breach of the warranty of workmanlike performance.
Plaintiff, Charles Sokol, entered into an agreement with defendant, Gann Lewis Roofing Company, for the services of the latter in repairing a portion of the roof at plaintiff's residence. Approximately seventeen months after defendant completed the work on plaintiff's home, plaintiff discovered a leak in the roof. This leak caused water damage to the inside of the plaintiff's house and subsequently resulted in a *Page 816 
civil action by plaintiff alleging breach of contract and breach of workmanlike performance on the part of defendant. After an oral hearing on the matter at which both parties presented evidence on behalf of their cause, the trial court found in favor of plaintiff and awarded him a monetary judgment in the sum of $1,619.17. From that judgment defendant appeals, contending that the evidence adduced by plaintiff at trial was insufficient to support the judgment of the trial court. We disagree.
It is an established proposition that in instances where the trial judge has heard the evidence ore tenus his findings have the weight of a jury verdict and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. AlabamaSociety for Crippled Children Adults, Inc. v. StillConstruction Co., 54 Ala. App. 390, 309 So.2d 102 (1975). Moreover, for us to reverse the decision of the trial court, the record must establish that there is no credible evidence to support its findings. Alabama Society for Crippled Children Adults, Inc. v. Still Construction Co., supra. In the present case, there was credible evidence to support the trial court's conclusion that defendant breached its contract with plaintiff and/or its duty to perform the work contracted for in a workmanlike manner.
In situations where a party has urged that the evidence was insufficient to support the judgment of the trial court, only those tendencies of the evidence most favorable to the judgment are reviewed. C.F. Halstead Contractor, Inc. v. Dirt, Inc.,294 Ala. 644, 320 So.2d 657 (1975). Accordingly, we believe that plaintiff's testimony that an employee of defendant had examined the roof after the leak occurred and had informed plaintiff that it appeared that the work had been done improperly was evidence tending to support the judgment of the trial court. Furthermore, plaintiff's wife stated that when she complained to defendant that the roof was continuing to leak even though employees of defendant had inspected it and had taken some temporary measures to prevent the reoccurrence of the leak, defendant's employee told her that they would send someone to fix the leak because "it was their problem." This testimony was also evidence which supported the trial court's determination that defendant was liable to the plaintiff. Of course, defendant presented evidence to rebut that adduced by the plaintiff; however, the trial judge as trier of fact was free to choose which of the parties' testimony he believed. Apparently he chose to base his decision on the testimony of plaintiff and his wife and we cannot say he acted improperly in so doing.
A reviewing court does not weigh the evidence to ascertain if it reasonably satisfies the issues in question. Mayben v.Travelers Indemnity Co., 273 Ala. 643, 144 So.2d 52 (1962). Instead, it will indulge in all favorable presumptions to sustain the conclusions reached by the trial court and will not disturb the conclusion of that court unless it is plainly erroneous or manifestly unjust. Mayben v. Travelers IndemnityCo., supra. The trial judge in the instant case determined that plaintiff was entitled to recover damages in his action against defendant. And in view of the fact that there was evidence in support of the court's determination we are not at liberty to reverse or revise his judgment on appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.