BRADLEY, Judge.
The lawsuit on which this appeal is based began when appellants-plaintiffs (Cathryn Tucker, Marie Millson, Earlene Nall, Ruth Hager and R. L. Goldsmith) filed an action in the Circuit Court of Escambia County against appellee-defendant (Broox Garrett) for the wrongful disbursement of proceeds and against appellee-defendant (J. Boyd Si-gafoose) for money mistakenly had and received.
*375 Plaintiffs sought a judgment against the defendants in the amount of $10,000. Their action was based on a disagreement concerning money disbursed by defendant-Garrett in the course of a sales transaction involving plaintiffs’ farm. After a hearing ore ten us the trial court held that the plaintiffs were not entitled to a judgment in their favor and dismissed plaintiffs’ action against both defendants. From the trial court’s decision in this matter plaintiffs have brought this appeal. We affirm the judgment of the trial court.
A brief summation of the relevant facts in this case will suffice to illustrate the soundness of our conclusion. Plaintiff-Goldsmith owned a large quantity of farmland. The land and the farming operation thereon were incorporated under the name Dink’s Farms, Inc. Plaintiff-Goldsmith, his wife and four daughters owned the stock in this corporation. The husband of one of the daughters acted as attorney for the corporation.[1]
In early 1974 Goldsmith began negotiations with defendant-Sigafoose for the sale of Dink’s Farms to the latter. Sigafoose agreed to purchase all assets and shares of stock in the farm corporation for the sum of $1,000,000. Defendant-Garrett was employed by the corporation’s attorney to aid in the tax considerations and closing.
However, before the farm was actually conveyed, a dispute arose between Goldsmith and Sigafoose with regard to twenty-five bred heifers and a bull. The animals were valued at $10,000. Sigafoose believed that the cattle were assets of the farm corporation and thus demanded that the livestock be included in the transaction. Goldsmith insisted that they were not a part of the transaction.
When this dispute threatened to prevent the completion of the transaction between the two men, the attorney for the farm corporation suggested to his wife and three sisters-in-law (or husbands of the latter individuals) that a plan be devised whereby the four women would, without their father’s (Goldsmith) knowledge, agree to each pay Sigafoose $2,500 from their share of the proceeds from the sale so that the transaction could be closed. The purpose of this scheme was apparently to compensate Siga-foose for the $10,000 value of the cattle which he felt that Goldsmith had wrongfully refused to include as a part of the sale.
The corporation’s attorney claimed at trial that the four daughters had agreed to the above described arrangement. He also stated that defendant-Garrett met with the four women privately on the morning of the closing to discuss this arrangement. Garrett testified that at the meeting each of the daughters agreed that $2,500 was to be deducted from their individual share of the proceeds and given to Sigafoose so that the sale could be concluded. Garrett continued by stating that the daughters requested that their father (Goldsmith) not be informed of this arrangement. Accordingly, Garrett said that when he disbursed the purchase money to the four women he deducted $2,500 from the proceeds which each one of them received. Garrett, however, testified that he did not show this deduction in the itemization of cost which he sent to the women and their father because of the daughters’ desire that their father not be told of the deduction.
Conversely, plaintiffs-daughters contended at trial that defendant-Garrett never informed them that the sum of $2,500 would be deducted from each of the checks that they received and that they never agreed to the arrangement under which Garrett claimed he had made the deductions. Moreover, the daughters denied that the purported meeting between Garrett and themselves had ever occurred. Five other witnesses were also sworn who testified either that the meeting had not occurred or that the meeting could not have occurred because one of the daughters was with Mr. and Mrs. Goldsmith at the time the purported meeting had taken place.
Nevertheless, defendant-Garrett and Goldsmith’s former attorney and son-in-law both stated that the meeting did occur. *376 And Garrett testified that the daughters had agreed at the meeting to pay Sigafoose $10,000 after he (Garrett) fully discussed the details of the arrangement and.asked each if she was willing to permit a portion of her share of the proceeds to be used for such a purpose.
The trial court had the opportunity to observe the demeanor and hear the testimony of the parties as well as the witnesses who testified on behalf of the respective sides; it was for the court as trier of fact to reach a conclusion on the candor and credibility of these persons and it obviously chose to believe the defendant’s testimony rather than that given by the plaintiffs. We cannot say it acted incorrectly in so doing or that its determination in this matter warrants reversal. Gann & Lewis Roofing Co. v. Sokol, 359 So.2d 815 (Ala.Civ.App., 1978).
It is axiomatic that a decision by the trial court based on evidence heard within the confines of the ore tenus rule has the weight of a jury verdict and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Gann & Lewis Roofing Co. v. Sokol, supra. The record in this case demonstrates no such error or injustice.
We must also reject plaintiffs’ assertion that the court erred by failing to grant plaintiffs’ motion for a judgment on the pleadings under Rule 12(c), ARCP.
Plaintiffs filed their motion seeking a judgment on the pleadings on June 6, 1977. It alleged that defendant-Garrett had admitted in his answer to plaintiffs’ complaint that his letter reporting the disbursement of funds contained figures which indicated a disbursement of money to plaintiffs when in fact that money had been paid to a third party (Sigafoose). On June 24, 1977 Garrett submitted an affidavit explaining that he had taken such action pursuant to the agreement which he and the four daughters had reached at their private meeting. Consequently, Garrett’s affidavit presented matters outside the pleadings and the trial court was compelled by the language of Rule 12(c) to treat the plaintiffs’ motion for a judgment on the pleadings as a motion for summary judgment. Moreover, Rule 56 of the Alabama Rules of Civil Procedure precludes the granting of a motion for summary judgment unless there is no genuine issue as to any material fact. As our opinion indicates, the facts and circumstances of this case were materially disputed. The trial court acted properly in denying plaintiff’s motion for a judgment on the pleadings.
We find that no error was committed by the trial court and therefore its judgment must be affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.

. This couple was subsequently divorced.