363 So.2d 859 (1978)
The SCHOOL BOARD OF BROWARD COUNTY, Appellant,
v.
Jaydeane CONSTANT, a Minor, and Her Next Friends, Joan Constant and Roy Constant, and All Others Similarly Situated, Kathleen Wright, David L. and Geraldine Gramith, Constance Kraft, Etc., et al., Appellees.
No. 77-2377.
District Court of Appeal of Florida, Fourth District.
November 1, 1978.
*860 Edward J. Marko of Marko, Stephany & Lyons, Fort Lauderdale, for appellant.
James R. Holmes of Zamer & Holmes, Pompano Beach, Donald R. Hall of Gustafson, Stephens, Ferris & Forman, P.A., and Joseph J. Titone of Olds & Titone, Fort Lauderdale, for appellees.
DOWNEY, Chief Judge.
The appellant, The School Board of Broward County, files this interlocutory appeal to review an order of the Circuit Court denying its Motion to Dismiss appellees' complaint for declaratory relief and injunction.
It appears that the School Board held several hearings after which it established boundary lines for various schools in the county which in turn determined the school which children living in the respective areas must attend. Appellees, being aggrieved by the school boundaries fixed by the School Board, filed three separate complaints in the Circuit Court which were consolidated. The thrust of appellant's motion to dismiss was that appellees' sole remedy to review the subject action of the School Board was by certiorari in the District Court of Appeal, pursuant to the Administrative Procedure Act. The trial court disagreed and this appeal ensued.
Appellant contends that the School Board's action in establishing the boundaries under attack is "agency action" within the purview of Section 120.52(2), Florida Statutes (1976). Appellees argue that the decision of the School Board under consideration is not agency action governed by the Administrative Procedure Act because the decision of the School Board is not a quasi judicial decision. Thus, appellees contend that they are not precluded by the Administrative Procedure Act from resorting to the Circuit Court to have the School Board decision overturned by petition for declaratory decree and injunction. In addition, the appellees suggest that, even if the Administrative Procedure Act were otherwise applicable to this decision of the School Board, appellees are not "parties" to that decision as defined in Section 120.52(10) Florida Statutes (1976), and, thus, they would have no standing to pursue review pursuant to Section 120.68, Florida Statutes (1976).
*861 Our consideration of the briefs of the parties and the various cases touching upon the subject convinces us that appellant is correct; this decision of the School Board is reviewable only by the District Court of Appeal.
The main thrust of appellees' argument is that in order to obtain judicial review of an order or rule of a School Board the action involved must have been in the nature of a quasi judicial decision as opposed to a quasi executive or quasi legislative action. This dichotomy existed without question for some time in Florida and is explicated in detail in some of the exhaustive opinions of the First District Court of Appeal.[1] However, our study of those cases and others, together with the Reporter's Comments on Proposed Administrative Procedure Act for The State of Florida, March 9, 1974, found in the Library of the Florida Supreme Court and in the Archives of the Law Revision Commission[2] convinces us that the occasion for resort to the Circuit Court for review of agency action is far more limited now than it was prior to the 1974 Revision of the Administrative Procedure Act. As the court stated in Willis, supra:
"The Act's impressive arsenal of varied and abundant remedies for administrative error requires judicial freshening of the doctrines of primary jurisdiction and exhaustion of remedies, and greater judicial deference to the legislative scheme. It is not that the power of circuit courts has been lessened, nor that their historic writs have been surrendered. Rather, the occasions for their intervention have lessened." Willis, 344 So.2d at 590.
The court then generally described the type of agency decision which remained subject to Circuit Court collateral review by stating:
"We recognize, of course, that some agency errors may be so egregious or devastating that the promised administrative remedy is too little or too late. In that case equitable power of a circuit court must intervene. 3 K. Davis, Administrative Law Treatise 69 (1958)." Willis, 344 So.3d at 590.
Willis, supra, was followed by The School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977), which again recognized the departure from the old characterization of quasi judicial, executive and legislative as decisional factors determining where jurisdiction lies to review ordinary agency action.[3]
We feel the decision of the School Board in this case is not so egregious or devastating that the administrative remedies afforded by the Administrative Procedure Act will be inadequate to afford warranted relief. Therefore, we hold that the appropriate avenue of review is in the District Court of Appeal.
Finally, we reject appellees' contention that they are not parties within the meaning of Section 120.52(10). On the contrary appellees fit the description of any person who, as a matter of agency regulation, have substantial interests which will be affected by the proposed agency action. Such a person is a party within the meaning of the Act. Thus, appellees are entitled to be heard but via the Administrative Procedure Act and not by resort to collateral action in the Circuit Court.
Accordingly, the order appealed from is reversed and remanded to the Circuit Court with directions to grant appellant's motion to dismiss.
*862 REVERSED AND REMANDED with directions.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] Witgenstein v. The School Board of Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977); The School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); accord Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. 3rd DCA 1977).
[2] See particularly the Reporter's comment quoted in School Board of Leon County v. Mitchell, 346 So.2d 562, 566 (Fla. 1st DCA 1977).
[3] We are cognizant that the Mitchell opinion also recognized that the decision reviewed in Mitchell could be characterized as quasi judicial even under the prior decisions which based jurisdiction upon those characterizations.