The plaintiffs sued the defendant for fraud and misrepresentation in the sale of real estate by the defendant to the plaintiff. The Circuit Court of Autauga County, sitting without a jury, found for the defendant and the plaintiffs appeal.
The plaintiffs, through able counsel, contend on appeal that the evidence required the trial court to find the defendant committed actionable fraud. We disagree and affirm.
Viewing the record with the attendant presumption accorded the trial court, we find the following:
After viewing a house and parcel of land on several occasions and negotiating the price thereof, the plaintiffs entered into a contract to purchase the property from the defendant. The plaintiffs moved onto the property a number of days prior to closing.
The sale was consummated and the plaintiffs accepted a deed to the property which described the tract by metes and bounds and did not refer to any specific acreage.
Several months after the transaction had taken place, a property reappraisal firm informed the plaintiffs that they were being assessed for 7.4 acres for tax purposes. A survey was then undertaken which revealed that the parcel actually contained 6.98 acres.
Plaintiffs filed a lawsuit claiming that the defendant represented the tract to contain 16.75 acres and that because of this misrepresentation that the plaintiffs had relied to their detriment and had been damaged.
Plaintiffs claim that the real estate salesman informed them that the parcel contained 16.75 acres and that this amount of acreage was a material factor in purchasing the land.
More particularly, there was evidence that the defendant had been paying taxes on 16.75 acres and that the defendant had supposed the tract to contain this acreage. There was likewise evidence that the defendant told the real estate salesman that there was "supposed to be 16.75" acres and that the parcel had previously been listed for sale as such.
There was also testimony that the plaintiffs learned about the property via the real estate salesman and that the defendant never discussed the property with the plaintiffs.
The evidence was heard by the trial court ore tenus. The trial court found in favor of the defendant.
On appeal, the plaintiffs contend that the trial court erred in not finding "legal fraud" committed by the defendant. Legal fraud is defined in § 6-5-101, Code of Ala. 1975:
 Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.
Under this section, where there is evidence reasonably affording an inference as to whether a plaintiff was defrauded, the case is one for the trier of fact. Loch Ridge Const. Co.,Inc. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973).
In the instant case, the trial court, as trier of fact, determined that the plaintiff was not defrauded.
On appeal, this court will indulge in all favorable presumptions to sustain the conclusions reached by the trial court and will not disturb the conclusion of that court unless it is plainly erroneous or manifestly unjust. Gann LewisRoofing Co., Inc. v. Sokol, Ala.Civ.App., 359 So.2d 815 (1978).
Additionally, this court cannot substitute its own judgment for that of the trier of facts. Scott Paper Co. v. Novay CherryBarge Service, Inc., 48 Ala. App. 368, 265 So.2d 150 (1972).
In the instant case, the plaintiffs inspected the parcel of land before purchasing it. The plaintiffs accepted a deed which made no mention of acreage. No survey was conducted prior to the sale. The plaintiffs took possession of the property *Page 1111 
prior to the closing date. There was no proof that the defendant had personally made any representation to the plaintiffs concerning the property.
The plaintiffs urge us to hold, as a matter of law, that the defendant committed legal fraud under these facts. This, we are not prepared to do. We cannot say that the trial court's decision was plainly erroneous or manifestly unjust. Gann,supra.
Under § 6-5-101, a cause of action for fraud is made out both where a misrepresentation is made willfully to deceive and where made by mistake and innocently.
In the instant case, there is no evidence, nor is it contended on appeal, that the defendant had any willful intent to defraud in transferring the property to the plaintiffs. Therefore, a cause of action for intentional fraud is not made out. See, International Resorts, Inc. v. Lambert, Ala.,350 So.2d 391 (1977).
The plaintiffs contend on appeal that the trial court erred in failing to find that the defendant defrauded the plaintiffs by mistake through an innocent misrepresentation. After reviewing the record, the most that can be said on this point is that the defendant thought she owned 16.75 acres. There is no evidence that any misrepresentation was made by the defendant. That is, the defendant merely told the real estate salesman, and not the plaintiffs, that there was supposed to be 16.75 acres in the tract. The trial court was free to conclude that this statement of what the defendant "supposed" was contained in the parcel was not a misrepresentation, but was an expression of an opinion. Therefore, the trial court could have found that, as such, it was not a misrepresentation of a fact upon which the plaintiffs could rely. McDonald v. Smith,139 Mich. 211, 102 N.W. 668 (1905).
Since the statement by the defendant that there was supposed to be 16.75 acres did not entitle the plaintiffs to rely on the statement as a representation of a fact, the trial court found that the plaintiffs did not make out a cause of action for innocent fraud. Put another way, without such a misrepresentation and reliance there could be no innocent fraud. Ball v. Vogtner, Ala., 362 So.2d 894 (1978).
In summary, the absence of any misrepresentation coupled with the viewing of the property on several occasions by the plaintiffs and the deed which made no reference to acreage make this court conclude that the trial court did not err to reversal in failing to find fraud on the part of the defendant.
In addition to the above, the plaintiffs argue that the trial court erred to reversal in refusing to allow certain testimony to be admitted into evidence.
A witness was called to testify concerning an appraisal made of the property in connection with a loan transaction. Plaintiffs contend that this evidence was sought to be introduced to show that the bank was also under the belief that 16.75 acres was contained in the parcel.
The witness was not the party who made the appraisal. The trial judge sustained an objection to the introduction of the evidence.
This court would be less than candid in not commenting that in view of the complaint and theory of the case, we fail to see the relevancy of this proffered testimony.
What is relevant evidence is a matter ordinarily within the discretion of the trial court and, unless such discretion is abused, it will not be considered error on appeal. Water SupplyBd. of City of Arab v. Williams, 53 Ala. App. 560, 302 So.2d 534
(1974).
In any event such testimony would be cumulative as to the plaintiffs' contentions and therefore any error would be error without injury.
See, Rule 61, ARCP.
In view of the foregoing, we cannot say that the trial court abused its discretion in refusing to admit the evidence.
Finally, the plaintiffs contend in brief that the trial court erred in failing to reform the deed, as prayed for in the plaintiffs' complaint. *Page 1112 
On this matter, the record reveals the following:
 A land surveyor testified that the deed description was computed and contained approximately 4.4 acres. The surveyor further testified that a survey conducted by him showed that the parcel intended to be conveyed by the defendant was 6.98 acres. This statement was based upon the surveyor's opinion that various monuments were mentioned in the deed and that by surveying the property according to these monuments, the 6.98 acre figure was reached.
The plaintiffs urge this court to hold, as a matter of law, that upon this evidence the trial court was required to reform the deed.
In this type of case, the plaintiff has the burden to prove by clear, convincing and satisfactory evidence that the deed is expressed differently from what the parties mutually intended or agreed and that this was the result of fraud or mistake.Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822 (1956).
The trial court's judgment will be presumed correct where it heard evidence orally and its judgment will not be set aside except for plain and palpable error. Parrish v. Parrish, Ala.Civ.App., 365 So.2d 1237 (1979).
In the instant case, the evidence as to what the parties intended was testimony of a surveyor who was not a party to the transaction. We cannot hold, as a matter of law, that this evidence was so clear and so convincing that to fail to reform the deed was plain error on the part of the trial judge.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.