WRIGHT, Presiding Judge.
This began as a stockholder action for an accounting and distribution of assets of a corporation after its dissolution by action of its directors and stockholders under authority of § 10-2-203, Code of Alabama (1975). Prom final judgment approving the sale and ordering distribution of corporate assets, plaintiff stockholder appeals. Pacts presented ore terms to the trial court as pertinent are as follows: In 1974, plaintiff Geeslin, and three Martins formed a corporation with the name of Martin, Geeslin, Martin, Inc. (hereafter called M.G.M.) Each subscribed to twenty-five percent of the stock. There is no indication that the capital was ever paid in.
The purpose of the corporation was to own and operate cemeteries, sell burial plots, monuments, vaults, inter bodies and provide other burial services. The Martin stockholders separately owned á funeral home, cemetery and monument company. M.G.M. purchased three cemeteries and began selling burial plots and monuments. Geeslin was the sales manager. A Martin was the secretary-treasurer. The funds for the purchase of the cemeteries came from the capital of Martin companies. The monuments sold came from the stock of Martin Monument Company. Funds deposited to the account of M.G.M. were derived from discounted sales of contracts for the purchase of cemetery plots to various banks. Many of the sales of plots, monuments, vaults and burial service were pre-need sales, i. e., the merchandise or service though paid for was not to be provided until future need. Thus, there were supposed to be trust accounts established to provide for the contingent liability. There was also to be established a trust account to be added to from each sale to provide for perpetual maintenance and care of the cemeteries. These trust accounts were never properly funded. A reserve was held by the banks purchasing the sales contracts to be drawn upon in the event of any default. Commissions were paid the salespersons who made the contract sales.
After a period of operation, dispute arose and plaintiff was requested to leave the employment of M.G.M. In March 1976 the majority stockholders of M.G.M. voted to dissolve the corporation. Thereafter, the *223 Martins undertook to settle the affairs of the corporation as trustees under § 10-2-212. The Martin companies paid the liabilities and debts of M.G.M., including the payments for the land, from their own funds. Funds derived from sales after dissolution of M.G.M. were commingled with the funds of Martin Memorial Cemetery, Inc.
Plaintiff subsequently brought an action seeking an accounting of the Martins acting as trustees for M.G.M. and a determination of and distribution of corporate assets.
The court appointed a certified public accountant to prepare an accounting. Using materials and records delivered to him, he prepared and filed an accounting. The accounting noted that because of the inadequate records of the corporation, there was no audit possible. The accounting involved only discovered assets and liabilities. The listed assets were primarily the land and reserve bank accounts. The liabilities were shown to exceed assets by nearly $20,000.
The court subsequently took testimony ore tenus and entered judgment. One of its findings was that Martin Memorial Cemetery, Inc. was owed a net sum of $50,514.35 after charge for commingled funds. It was ordered that the assets of M.G.M. be sold at public sale and the proceeds distributed as specifically ordered. Included in the distribution in second order, after cost and payment of accountant’s fee, was payment of the debt owed Martin Memorial Cemetery, Inc.
After an amended judgment and published notice of sale, the real estate of the corporation was sold by the clerk of the court at public sale to the highest bidder on September 6, 1979. The highest bid was in the sum of $1.00, made by Martin Memorial Cemetery, Inc.
Plaintiff filed motion to set aside the sale as grossly inadequate and the motion was heard, denied and the sale was confirmed on October 19, 1979.
ON MERITS
I
Plaintiff first contends that the trial court erred in failing to find that the directors (Martins) of the dissolved corporation breached their duties as trustees in the operation of the corporate affairs after dissolution, § 10-2-212, Code of Alabama (1975). It is submitted that they failed to keep proper records, commingled corporate funds, and continued to do business after dissolution rather than winding down the business.
We have noted that the court heard testimony ore tenus and received the report of the court-appointed accountant. It is clear that the corporation was never operated in a businesslike manner, and the records were inadequate both before and after dissolution. There was much testimony, and exploration of the corporate operation was made in depth. After hearing all the testimony, the court made a determination of the issues presented. After consideration of the evidence with the attendant legal presumption of the correctness of the trial court’s findings, we cannot hold those findings palpably erroneous. Stinson v. Adams, 376 So.2d 1108 (Ala.Civ.App.1979); 2 A Ala.Dig., Appeal & Error, Key No. 931(1). There is clear evidence that during its short life, M.G.M. assumed heavy liabilities, and the cash assets, largely derived from the sale of lots and monuments, were consumed by commissions, reserves, discounts and other expenses. It is evident that if the Martin corporations had not provided financial support, M.G.M. could not have functioned and met the payments on its principal asset, the real estate. There is no real conflict in the evidence that the debt to Martin was substantially as found by the court.
The contention of plaintiff that there was no accounting made is not meritorious. All records available were reasonably examined. It became evident that records were so inadequate that an audit was not reasonably possible. However, there was evidence of the sales and receipts after dissolution and their deposit in the Martin Memorial Cemetery account. Due credit was given for such sums against the indebtedness owed Martin Memorial Cemetery, *224 Inc. With the evidence adduced so limited in verity, we find the court not in error in the accounting.
II
Plaintiff further submits the trial court erred in confirming the sale of the assets for $1.00. We understand that perhaps the court considered the bid by Martin Memorial Cemetery to be in reality a setoff against the debt owed it. However, we consider it improper to approve a sale for $1.00 for that reason. Under the evidence presented, a bid of $1.00 clearly does not reflect a market value. Recognizing that many lots have been sold from some of the properties since their purchase for more than $60,000, it yet must follow that there are many lots remaining. There was some evidence that the property was valued as high as $500,000 for cemetery purposes.
There is nothing to indicate how much, if any, of the indebtedness to Martin was set off in the bid. It has been indicated that when the purchaser at a judicial sale is not a stranger to the proceedings, the price bid should be measurably adequate or not greatly less than its market value if the sale is to be confirmed. Hicks v. Hicks, 363 So.2d 861 (Ala.1978). There was no pre-sale appraisal as to the fair market value. However, in view of the evidence of cost and the price obtained upon sale of each burial plot, it is clear that the bid price is grossly inadequate and cannot stand. Martin v. Jones, 268 Ala. 286, 105 So. 860 (1958).
If it was intended to credit the debt owed Martin against a fair bid price, there should have been a bid in such an amount and setoff accepted by the court. As it stands, there is no indication of a reasonable bid. In addition, it is to be noted that Martin was directed to be second in order of payment from the proceeds of the sale. The cost of court and fee of the accountant were first in line before Martin was due any payment.
This court holds that under the state of the record, the sale to Martin must be set aside and the property resold at a public sale for a measurably adequate price, with the proceeds distributed or credited in accord with the judgment. Lankford v. Jackson, 21 Ala. 650 (1852).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.