WRIGHT, Presiding Judge.
The parties were divorced in 1972. The divorce decree awarded custody of the parties’ three minor children to the wife and directed that the husband pay $150 per month as child support.
In April 1980 the wife filed two separate actions in the Winston County Circuit Court. The first, a petition for modification, sought an increase in child support. *83 The second, entitled “Petition for Sale for Division or Alternatively for Partition of Land,” alleged the parties to be joint owners of a parcel of land purchased prior to the divorce and requested the sale or partition thereof. The cases were consolidated for trial. After an ore tenus hearing the trial court modified child support as the wife sought, but found her to have no right, title or interest in the parcel of land and denied her relief in that respect. The wife appeals from the trial court’s finding as it pertains to the parcel of land.
The primary issue is whether the evidence at trial was sufficient to sustain the court’s finding that the wife had no right, title or interest in the land. We find that it was and affirm.
Our rule of review in cases where the trial court makes findings after hearing the evidence ore tenus is to indulge every presumption in favor of those findings. Scott v. Gill, 352 So.2d 1143 (Ala.Civ.App.1977). In those cases the trial court’s judgment will not be reversed unless plainly erroneous or manifestly unjust, and must be affirmed if supported by any credible evidence. Raidt v. Crane, 342 So.2d 358 (Ala.1977); Gann & Lewis Roofing Co. v. Sokol, 359 So.2d 815 (Ala.Civ.App.1978); 2A Ala. Digest, Appeal and Error, Key No. 1010.-1(1).
Although we find it unnecessary to set forth in detail the evidence adduced at trial, conflicting as it was, regarding the ownership of the disputed parcel, we do relate the following facts supportive of the trial court’s finding:
The parties purchased the one hundred-acre tract in 1968 and owned the property jointly with right of survivorship. The purchase price was approximately $15,000, and at the time of the parties’ divorce in 1972 they had made payments of $8,000 pursuant thereto. Prior to their divorce the parties orally agreed that the wife would receive $4,000 as payment for her half of the couple’s $8,000 equity. The wife, herself, testified she agreed to accept $4,000 as payment for her interest and thought her husband’s brother had become owner of the property prior to the divorce. In February 1973 the husband began sending monthly checks in the amount of fifty dollars marked “Equity Payment” to the wife, in addition to the separate $150 checks for child support already being paid. He sent and she accepted these “Equity Payment” checks for some six years until the $4,000 agreed to was almost completely paid. He then increased his child support payments to $200 from the $150 per month required by the decree. The husband has made substantial improvements to, paid the remaining purchase price for, and, at various times, lived upon the subject property since the parties’ divorce. The wife has neither used nor made payments toward the property since that time.
At trial and on appeal the wife has asserted her continued ownership of the property. She has also claimed that although she agreed to accept $4,000 as payment for her interest therein, such agreement was procured through the husband’s harassment of her. The evidence on these issues was conflicting and due to be resolved by the trial court. Suggs Music Co. v. State Department of Revenue, 365 So.2d 977 (Ala.Civ.App.1978), cert. denied, 365 So.2d 979 (Ala.1979).
The wife also contends that the oral agreement for sale of her interest in the property is void and unenforceable under our • Statute of Frauds, § 8-9-2, Code of Alabama (1975).
Section 8-9-2(5), where pertinent, provides that contracts for the sale of land or any interest therein must be in writing, “ unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.” (Emphasis ours.)
We find the exception, as set forth in the above quotation, applicable to the instant case. See, Pierce v. Murphree, 274 Ala. 20, 145 So.2d 207 (1962); Eddleman v. Cade, 261 Ala. 154, 73 So.2d 362 (1954); Talley v. Talley, 248 Ala. 84, 26 So.2d 586 (1946).
There was evidence, in the form of the checks marked “Equity Payment,” that the husband had paid all or a portion of the *84 wife’s equity interest to her. There was also evidence that the husband moved onto the property, i. e., was put in possession of the land, subsequent to the oral agreement. See, Pierce v. Murphree, supra. The effect of compliance with these two elements is to except the oral agreement from the statute and make the contract enforceable by either party. Eddleman v. Cade, supra.
The trial court found, after hearing the evidence set forth above, that the wife had no right, title or interest in the subject property. We find the evidence sufficiently supportive of such finding. Gann & Lewis Roofing Co. v. Sokol, supra.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.