This action was brought by Jerry R. Hopper and his wife Mavis Hopper for damages allegedly suffered by them as a result of breach of contract and fraudulent misrepresentations in connection with the sale to them of a certain tract of real property. The trial court, after hearing the evidence oretenus, entered a final judgment in favor of R.O. Curry and his wife Edna Curry, the sellers of the property. The Hoppers appeal from that judgment and from the denial of their post-trial motions seeking a new trial, or in the alternative, a new judgment. We affirm.
On August 11, 1974 the Hoppers saw an advertisement in TheBirmingham News for the sale of forty (40) acres of real property situated in Chilton County, Alabama. The property was owned at that time by the Currys, who had listed the property for sale with Bob Moore, their real estate agent. The Currys had told Mr. Moore that the property contained 40 acres. Mr. Moore, upon being contacted by the Hoppers, informed them that the property contained 40 acres as reflected in the advertisement. After the Hoppers viewed the property, they met with the Currys on August 13, 1974, at which time Mr. Curry personally told them that the property contained 40 acres. The real estate contract, which designated the acreage of the property as "40 AC. M/L," was signed that same day. Before the closing date, Mr. Curry offered to have the land surveyed, but the Hoppers stated that it was unnecessary. On August 21, 1974 the Currys conveyed the property to the Hoppers by warranty deed. The deed made no mention of acreage. *Page 84 
In October of 1978, more than four years later, the Hoppers had the property surveyed by Franklin Parker, a land surveyor. The completed survey, which was based upon the warranty deed, revealed that the property conveyed by the warranty deed contained thirty and eighty-three one-hundredths (30.83) acres rather than 40 acres. Upon learning of the discrepancy in acreage, Mr. Hopper confronted the Currys, at which time Mr. Curry told him that the property was "supposed" to contain 40 acres. The Hoppers filed suit within three months thereafter.
On appeal, the Hoppers claim that the trial court erred in not finding that the Currys made misrepresentations recklessly without accurate knowledge or by mistake about the number of acres in question, thereby constituting legal fraud pursuant to Code of 1975, § 6-5-101.
Initially, we note that when a trial judge hears the evidenceore tenus, his findings are favored with a presumption of correctness and will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Ray v.Robinson, Ala., 388 So.2d 957 (1980). The Hoppers contend, however, that the ore tenus rule is inapplicable to this case because the trial court misapplied the law to the facts. We disagree.
A case similar to the one before us is Stinson v. Adams, Ala.Civ.App., 376 So.2d 1108 (1979). In Stinson the plaintiffs claimed that the defendant represented that a tract of real property contained more acreage than it actually held and that they relied to their detriment upon that misrepresentation. The factors in common with the instant case are that the defendant informed the real estate agent that there were a certain number of acres in the tract, the plaintiffs inspected the parcel of land before purchasing it and accepted a deed which made no mention of acreage, and no survey was conducted prior to the sale. The Court of Civil Appeals found:
 After reviewing the record, the most that can be said on this point is that the defendant thought she owned 16.75 acres. There is no evidence that any misrepresentation was made by the defendant. That is, the defendant merely told the real estate salesman, and not the plaintiffs, that there was supposed to be 16.75 acres in the tract. The trial court was free to conclude that this statement of what the defendant "supposed" was contained in the parcel was not a misrepresentation, but was an expression of an opinion. . . .
 Since the statement by the defendant that there was supposed to be 16.75 acres did not entitle the plaintiffs to rely on the statement as a representation of a fact, the trial court found that the plaintiffs did not make out a cause of action for innocent fraud. . . .
 In summary, the absence of any misrepresentation coupled with the viewing of the property on several occasions by the plaintiffs and the deed which made no reference to acreage make this court conclude that the trial court did not err to reversal in failing to find fraud on the part of the defendant. [Emphasis added.] Id. at 1111.
The Hoppers argue that Stinson is distinguishable from the case at bar because, unlike the facts in Stinson, the record in this case reveals that the Currys personally misrepresented to the Hoppers that the acreage in question consisted of 40 acres. Although the Court of Civil Appeals did mention in Stinson the lack of a face-to-face misrepresentation between the parties as a factor negating fraud, it was certainly not emphasized as the decisive factor. We, therefore, agree with the opinion of the Court of Civil Appeals in Stinson and add that the persuasive factor supporting the trial court's conclusion in this case was the failure of the Hoppers to accept Mr. Curry's offer to have the property surveyed. By making the offer, Mr. Curry was telling the Hoppers that they did not have to rely upon his word as to the number of acres. In fact, even without the offer, the Hoppers could have insisted upon a survey.
Because there has been no showing that the finding was either wrong or unjust, and *Page 85 
there was ample evidence to support the trial court's finding that legal fraud is not present in this case, the judgment below is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES, EMBRY and ADAMS, JJ., concur.