JONES, Justice
(concurring specially):
Undoubtedly, and understandably, this Court’s decisions in several recent fraud cases of the “intent to deceive” species have misled the Court of Civil Appeals with respect to the elements of the offense necessary for the imposition of punitive damages.[1] The question of punitive damages, just as in Big Three Motors, was resolved by the Court of Civil Appeals on the basis of a lack of evidence to support a course of reprehensible conduct, beyond and in addition to, the requisite element of intent to deceive.
Section 6-5-101, Code 1975, provides a cause of action for the tort of misrepresentation of a material fact, for which compensatory damages may be awarded, even in the absence of the statute’s alternative remedy for willful deceit:
“Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
The elements which, when proved, sustain an action in deceit and the concomitant recovery of punitive damages, are set out at § 6-5-103, which states in part:
“Willful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action.... In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as *412 true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.”
The distinction between the two preceding Code sections is crucial as to both the evidence required to prove the offense and the ultimate damages sought by the injured party. The distinction was recognized by this Court in Hall Motor Company v. Furman, 285 Ala. 499, 234 So.2d 37 (1970), which holds in part:
“Under our cases there is a difference between actionable fraud by misrepresentation of a material fact and an action for actual deceit. Rudisill v. Buckner, 244 Ala. 653, 15 So.2d 333. It would appear, however, that if the misrepresentation of a material fact was made willfully to deceive, or recklessly without knowledge, such conduct would be deceitful in fact. This is the first provision in [§ 6-5-101]. The last alternative found in [§ 6-5-101] relates to a fraud made by mistake and innocently. Such representation is a legal fraud, though it be only constructive. Hornaday v. First National Bank of Birmingham, 259 Ala. 26, 65 So.2d 678.
. “Under [§ 6-5-101], the good faith of a party in making what proves to be a material misrepresentation, is immaterial if the other party acted on such misrepresentation to his injury. Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361. Only compensatory damages could be recovered in such a situation.
“In the often cited case of Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454, it is pointed out that [§ 6-5-101] is but a reflection of the general law on the subject of fraudulent misrepresentation, and that fraud being alleged, and established by the evidence, punitive damages may be recovered only if the fraud was malicious, oppressive, or gross, made with knowledge of its falseness (or so recklessly made as to amount to the same thing), and made with the purpose of injuring the plaintiff. To the same effect see Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909; Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24; J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443.
“Under [§ 6-5-101] the misrepresentations must be of a material fact, made to be relied on as an inducement, and in fact relied on. Intent to deceive is not essential since only constructive fraud may be present in such a situation. Under [§ 6-5-103], knowledge of the fraud, with intent to deceive, is required, and under [§ 6-5-103], the scope of liability is extended to cases of concealment of the fraud, and thus ‘material fact’ has a wider meaning under [§ 6-5-103] than under [§ 6-5-101]. Cartwright v. Braly, 218 Ala. 49, 117 So. 477.”[2]
A claim of fraud, then, of the “innocent” or “legal” species carries no requirement of proof that the defendant had knowledge of the falsity of the matter represented, only that the defendant misrepresented a material fact which was acted upon to the injury of the other party. While liability for innocent fraud is not dependent upon knowledge of the falsehood (and, therefore, not dependent upon an intent to deceive), compensatory damages only may be awarded.
Deceit, on the other hand, as contemplated by § 6-5-103, is an intentional tort which, when proved to the satisfaction of the finder of fact, will support an award of punitive damages. International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977). Absent an initial finding of the essential element of “knowledge of a falsehood,” however, there can be no determination of an intent to deceive; and, therefore, the factfinder would be precluded, as a matter of law, from awarding punitive damages. See Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981).
It is the finding of intent to deceive, which must be based upon the initial finding of knowledge of the falsity of the mate *413 rial representation, that triggers the discretionary power of the factfinder to award punitive damages. It is a misinterpretation of the cases to require that the incidents of grossness, oppressiveness, and maliciousness be found as additional elements to be superimposed upon the statutory requisite of intent to deceive, in order to warrant punitive damages.[3]
This is the reason for the clarifying language in Shiloh Construction Co., Inc. v. Mercury Construction Corp., 392 So.2d 809 (Ala.1980):
“Once an intent to deceive has been established it is difficult to see but that a fraud was committed grossly. Randell v. Banzhoff, 375 So.2d 445 (Ala.1979); Hall Motor Co. v. Furman, supra. Proof of fraudulent intent at the time the representation is made is required in cases where fraud concerns a promise or representation regarding a future event, Southeastern Properties, Inc. v. Lee, 368 So.2d 288 (Ala.1979). In such cases, if, from the evidence, the jury finds present-intent fraud regarding the future event to conclude a fraud was committed, the award of punitive damages is properly within the discretion of the jury.” Shiloh, 392 So.2d at 814.
While Shiloh involved a misrepresentation relating to a future event, thus requiring a present intent to deceive, it demonstrates that the gravamen of a punitive award claim pursuant to § 6-5-103 is the intent to deceive. The law does not recognize two separate and distinct species of the tort of deceit: One with fraudulent intent,
but without the elements of grossness, oppressiveness and maliciousness (thus not authorizing punitive damages); and another with fraudulent intent accompanied by gross, oppressive, and malicious conduct (thus authorizing punitive damages). Indeed, except that the factfinder is warranted by the evidence in finding a degree of culpable conduct that may be characterized as gross, malicious, and oppressive, it is not warranted in finding the essential element of “intent to deceive.”
Thus, evidence of a material misrepresentation sufficient to establish an intent to deceive, made with knowledge of its falsity, establishes the legal criteria that authorize punitive damages. It is the intentional commission of a tort — one person’s intentional injury of another — that invokes the factfinder’s prerogative to award exemplary damages. The degree and extent of the tortfeasor’s culpable conduct — its gravity and enormity — are the standard by which the factfinder determines the willfulness of the misrepresentation, i.e., the intent to deceive; and they serve as the yardstick by which the factfinder exercises its discretion to award punitive damages and measures the amount of the award.
In the instant case the trial court had no problem sustaining the jury’s finding of the “knowledge of the falsehood” element, because the controlling statute states: “A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.” § 6-5-103.[4]
*414 Where the evidence, as here, shows that the one making the representation is an automobile dealer, thus having superior knowledge and opportunity to know the facts, who misrepresents a material fact such as the model year of the vehicle, the trier of fact is warranted in reasonably inferring from such evidence that the dealer possessed the requisite “knowledge of the falsehood” to support a further finding of intent to deceive and thus support an award of punitive damages. In other words, reliance upon a former owner’s representation of the vehicle’s model year does not, as a matter of law, preclude the trier of fact from finding, as a reasonable inference, that the dealer’s affirmative misrepresentation, if made to deceive, was made so recklessly and heedlessly as to amount to a “reckless representation of fact as true,” thus supplying the “knowledge of the falsehood” statutory requisite element of the offense. § 6-5-103.
In upholding a punitive damages award in International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977), where the claim of deceit was defended on the ground of lack of knowledge of the falsehood, this Court said at p. 395:
“... There is evidence from which the jury could have concluded that International Resorts misrepresented the facts to these plaintiffs and, whether made intentionally to deceive, or merely made recklessly without regard to their truth, if made so heedlessly without any regard to the consequences, they were sufficient to support the jury verdict.”
The comparative ease with which this dealer could have ascertained the true model year of the van; the inherent difference in the market value between a 1969 and a 1972 model; the salesman’s affirmative and unequivocal representation of the model year as 1972, are all circumstances giving rise to reasonable inferences supportive of a jury finding of the legal incidents of the statutory elements of “knowledge of the falsehood” and “intent to deceive.” Most compelling, perhaps, is the jury’s prerogative to conclude that the responsibility of the seller to know and speak the truth is enhanced, rather than diminished, by the very fact that all the vans on display, though varying in model year from 1969 to 1972, looked exactly alike.
The culpable nature of the conduct necessary to supply the “intent to deceive” element need not be “outrageous” in the sense of being personally offensive, humiliating, embarrassing, degrading, or dehumanizing.[5] Indeed, as here, it may well be cloaked in politeness and courtesy; yet it may be gross, malicious, and oppressive in the sense of being committed with the intent to deceive.
For the sake of clarity, I conclude my concurring opinion by distinguishing the instant holding from that of Hopper v. Curry, 408 So.2d 83 (Ala.1981). There, in a suit claiming inter alia innocent fraud in the *415 sale of land, we affirmed a judgment based upon findings of fact favorable to the sellers. While the facts appear somewhat similar, in that in each case there was an alleged misrepresentation as to the item sold, and, while we reached different results from the point of view of denying recovery in Hopper and allowing recovery in the instant case, the two holdings are fully reconcilable.
To be sure, the “different” holdings of the cases demonstrate a point worthy of emphasis. In each case we affirmed the judgments below based upon the factfinder’s conclusions of fact. We have held in each case that the evidence of record amply supports the findings of fact upon which the judgment appealed from is based.
Furthermore, in addition to our scope of review “presumption of correctness” rule, there are sufficient differences in the material facts of the two cases, particularly what the respective buyers’ personal observations of the respective items purchased would reveal, in relationship to the matter represented, to amply justify the factfind-ers in these cases in reaching different conclusions based upon the same general legal principles.

. See the dissenting opinion of Judge Holmes, Treadwell Ford, Inc. v. Lewis, 416 So.2d 406 (Ala.Civ.App.1981), for an excellent discussion of these cases.

. It is significant to note that the conditional affirmance in Hah Motor Company (based on a remittitur of all but compensatory damages) is grounded upon an express holding that “the evidence ... is sufficient to establish [only innocent] fraud,” citing § 6-5-101.

. Although our cases have not always been clear on this point, this Court in Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979), held that evidence of intent to deceive supplies the requisite proof that the fraud was committed grossly. Likewise, as the Court of Civil Appeals observed in Long-Lewis Hardware Co. v. Lightsey, 392 So.2d 545 (Ala.Civ.App.1980). “The primary constituent of gross, malicious, and oppressive fraud is the intention to injure and deceive.”

. It is of more than passing interest that the apparent confusion in our cases — requiring the conjunctive finding of intent to deceive and that the defendant’s conduct was gross, etc., to warrant punitive damages — was influenced, at least in part, by the development of the law in the vast majority of American jurisdictions which have no “innocent fraud” statutes. Because the common law tort action of deceit required intent to mislead based upon knowledge of the falsity of the statement (see the English case of Derry v. Peek, 4 A.C. 337 (1888)), the victim of an innocent misrepresentation was left remediless.
Many of the state courts, however, modified the “scienter” requirement of the English rule to accommodate the situation contemplated by our “innocent fraud” statute. That is to say, other jurisdictions, in meeting the scienter test, evolved a rule that focuses upon the intent of *414 the defendant to make the representation for the purpose of its being acted upon to the injury of the other person, rather than upon an intent to injure based upon knowledge of the statement’s falsity. See W. Prosser, Law of Torts, Hornbook Series § 107, p. 700 (4th ed., 1971).
Understandably, then, having indulged the legal fiction of fashioning a remedy for deceit based upon the tort requisite of “intent,” but without the traditional element of culpability (i.e., without knowledge of the falsehood), these courts limit the damages recoverable for this species of fraud to compensatory damages only. Thus, punitive damages are recoverable only when "intent” is coupled with culpability, i.e., knowledge of the falsehood.
In Alabama, however, the remedy for noncul-pable misrepresentation is met by the statutory legal fiction of “innocent fraud.” Therefore, the culpable tort of the “intent to deceive” species may be dealt with more forthrightly. § 6-5-103. Not being burdened with the non sequitur of nonculpable intent to mislead in order to enforce a remedy for compensatory loss due to an innocent misrepresentation, we may more easily articulate and apply the intentional tort of deceit. If a defendant misrepresents a material fact with knowledge of the falsehood and with the intent to deceive, and the plaintiff to whom it is made relies thereon to his injury, the plaintiff is entitled, within the factfinder’s discretion, to an award of punitive damages.

. The tort of outrageous conduct is an altogether different tort. See American Road Service Company v. Inman, 394 So.2d 361 (Ala.1980).