ALMON, Justice.
This case involves a claim for breach of agreement for equipment rental.
Ted Warnke, Inc., was awarded a contract by the City of Hartselle, Alabama, for construction of a water line. Ted Warnke, president of Ted Warnke, Inc., then contacted Floyd Romie, president of Romine Construction Co., Inc., about the job. They entered into an oral agreement whereby Warnke agreed to pay Romine and his brother a salary of $400 per week and rent on the necessary equipment of $7,500 per month.
As an additional provision to the agreement, Warnke promised Romine that if the total cost of labor and equipment should amount to less than $107,000 he would pay Romine 50% of the difference. This figure of $107,000 was calculated by Warnke prior to making a bid on the project and was arrived at with no assistance from Romine. In order for the total cost of labor and equipment to amount to less than $107,000, the job would have had to be completed within six months. The agreement apparently contained no other pertinent provisions.
Romine began work on the job on October 11, 1982, and work was completed on July 22, 1983. Romine and his brother were paid all of the wages that were due them. However, differences arose as to how much was owed for the equipment rental.
The agreed upon monthly rental was paid to Romine every 30 days for the period beginning October 11, 1982, and ending April 11, 1983, a total of six months. Ro-mine was initially not paid for the period between April 11,1983, and July 11,1983, a total of three months, which at the rate of $7,500 a month amounted to an outstanding balance of $22,500. Warnke apparently believed that Romine was not due any equipment rental for time beyond the first six months. However, near the end of July, Warnke gave Romine $11,250. Warnke testified that this payment was for two weeks Romine spent on the river cross *346 ing and then 30 days extra for various delays.
Romine brought this action seeking payment of $11,250 he contends was due as the remaining balance on the equipment rental agreement. Romine appeals from a judgment in favor of Warnke.
We have carefully reviewed the record and have found no evidence that Romine promised to perform the necessary work in six months or less. It appears instead that he merely stated that he thought he could perform the job within six months. Furthermore, the record reveals no agreement by Romine that payment of rent on the equipment would not be due after the initial six months. These facts can best be illustrated by a portion of Warnke’s testimony:
“Q. You don’t dispute that you agreed to pay $7500 a month for rental of his equipment?
“A. No, sir.
“Q. You don’t dispute that you paid him $400 a week as a salary?
“A. No.
“Q. Did you withhold taxes, did you consider him to be an employee?
“A. Yes.
“Q. Did he, Mr. Romine of Romine Construction Company ever say they would do the job for any set dollar amount?
“A. No, no set dollar amount.
“Q. I think I have asked you before, did they say they would do it within 180 days?
“A. I don’t remember, no, he didn’t say he would do it, no, he didn’t say he would do [it] in 180 days.”
Warnke, therefore, by his own admission acknowledged that there was no agreement limiting the rental payments on the equipment to 180 days.
Where, as in this case, the court hears the testimony ore tenus and makes findings of fact, such findings are favored with a presumption of correctness and will be upheld unless they are found to be erroneous, without supporting evidence, or manifestly unjust. Sudduth v. Sudduth, 366 So.2d 1102 (Ala.1979); Stallworth v. First National Bank of Mobile, 432 So.2d 1222 (Ala.1983); Hopper v. Curry, 408 So.2d 83 (Ala.1981). We find that the trial court’s ruling in favor of Warnke was erroneous, because it was without supporting evidence.
Under the rental agreement Romine was due $7500 per month rental on the equipment he supplied. The equipment was supplied for nine months and payment has only been made for seven and one-half months. We are of the opinion that the $11,250 placed in escrow by the City of Hartselle should be awarded to Romine as payment for the equipment rental. The judgment of the trial court is reversed and the cause is remanded for entry of a proper judgment, including interest.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.