HOLMES, Judge.
This is a breach of contract case.
In February 1977, the sellers of a parcel of land entered into a contract of sale with the buyers. The sellers agreed to execute and deliver to the buyers a valid fee simple warranty deed when the buyers paid for the land in question. The buyers made a down payment, and the balance was to be paid off in 120 monthly installments. The buyers made monthly installments for the next 93 months before discovering that part of the land described in the contract was not owned by the sellers. The buyers then filed this action for damages in the Circuit Court of Dale County.
After an ore tenus hearing, the trial court found that the sellers breached the contract for sale. The court then awarded *1090 the buyers damages in the amount of $2,128.
The sellers appeal. We affirm.
The sellers contend that the trial court erred in that there was insufficient evidence to support a finding of legal fraud. We find no merit in this argument in that the trial court’s judgment is founded upon breach of contract.
The record reveals that the buyers complaint requested several different types of relief, including breach of contract. Alabama law permits the pleader to request relief in the alternative or of several different types. Rule 8(a)(2), Alabama Rules of Civil Procedure. The evidence also reveals that the sellers entered into a contract to sell a parcel of land to the buyers. The record further reveals that the sellers did not own all of the land described in the contract. Rather, it is undisputed that the United States of America owns a portion of the land in question. This evidence supports the trial court’s conclusion that the sellers breached the contract in question in that the sellers could not convey merchantable title to all of the land described in the contract for sale. Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala.1979).
The sellers also contend that there is no evidence to substantiate the award of damages. We disagree.
A licensed real estate broker appraised the property in question and testified as to the market value of the land in question. Therefore, there was sufficient evidence to support the trial court’s findings. Cobbs v. Fred Burgos Construction Co., 477 So.2d 335 (Ala.1985); Farmer v. Strother, 423 So.2d 252 (Ala.Civ.App.1982).
Further, the trial court’s judgment will be presumed correct where the evidence is presented ore tenus and will not be set aside except for plain and palpable error. Stinson v. Adams, 376 So.2d 1108 (Ala.Civ.App.1979).
The buyers have requested an attorney's fee for representation on appeal. We are unaware of any authority to grant an attorney’s fee in an appeal such as the instant one.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.